## McBrien *v.* McBrien, Appellant.

*Divorce—Desertion—Offer of home.*

Where a husband and wife have separated by mutual consent, the husband cannot allege in subsequent proceedings for divorce, desertion by the wife because she made no response to a letter in which he said "I will have a house somewhere on the road, and if you wish you and the children can come," without any statement as to the locality of the house, or its character; and this is especially so where it appears that the husband did not have a house at the time the letter was written, but merely contemplated renting one.

Argued March 9, 1916. Appeal, No. 35, March T., 1916, by defendant, from decree of C. P. Lackawanna Co., Jan. T., 1915, No. 461, awarding divorce in case of Edward B. McBrien v. Caroline I. McBrien. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

576, (1916).] Assignment of Error—Opinion of the Court.

Libel for divorce. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree awarding divorce.

*Leslie H. Simons,* with him *A. G. Rutherford* and *E. L. Burns,* for appellant.—In order for there to be a desertion after a mutual separation the husband must seek the wife's return and he cannot without doing this ask for a divorce because of her desertion. His invitation for his wife to come and live with him or his proposal to return to her must be explicit and unequivocal: Buys v. Buys, 56 Pa. Superior Ct. 338; Litzenberg v. Litzenberg, 57 Pa. Superior Ct. 123; Eisenberg v. Eisenberg, 1 Pa. C. C. R. 590; Heaton v. Heaton, 23 Pa. C. C. R. 218; Ball v. Ball, 23 Pa. C. C. R. 307; Horn v. Horn, 17 Pa. Superior Ct. 486; Middleton v. Middleton, 187 Pa. 612; Beck v. Beck, 163 Pa. 649; Tyson's App., 10 Pa. 220; Cronise v. Cronise, 54 Pa. 255; Bishop v. Bishop, 30 Pa. 412.

*Clarence Balentine,* with him *Amerman & Maxey,* for appellee, cited: Bauder's App., 115 Pa. 480.

OPINION BY HENDERSON, J., July 18, 1916:

Desertion is the cause of action set forth in the libel. The parties were married June 22, 1904. In accordance with a previous arrangement they made their home with the respondent's mother, who was the owner of a house in the city of Brooklyn, and continued to reside there until March 3, 1911, during which time they had two children. On the date last stated the libellant left his home and took up his abode with his parents in New Jersey. His explanation of this action is that his mother-in-law ordered him to leave the house. The relation between the parties had not been pleasant for some time, the husband complaining of inattention and of dissatis-

faction on his wife's part and she alleging that he neg-
lected his family and drank to excess.   It is not claimed
by the libellant, however, that this condition was the
reason for his change of residence.   In response to the
inquiry by the libellant's counsel: "What was the oc-
casion of your separation?" he answered, "We couldn't
agree, mostly on account of the mother-in-law; and on
the 26th of March, 1911, we had a little row in regard to
the children, and the mother-in-law ordered me out of the
house.   That was on the evening of the 26th.   On the
morning of the 27th I spoke to my wife about it and she
said, 'Well, we are satisfied if you go.'"   Question:
"What did you do?"   A. "I went on the 31st of March."
He returned to his former residence from time to time to
visit his children and contributed to the support of his
family.   He started a proceeding for divorce in New Jer-
sey in May, 1913, alleging desertion by his wife to which
the latter filed an answer denying his allegations.   The
case was subsequently discontinued.   In June of that
year he went to Scranton in this State without the knowl-
edge of his wife and discontinued his remittance of
money for her support.   In May, 1914, having learned of
his whereabouts the respondent went to Scranton and
instituted a prosecution for desertion in the Court of
Quarter Sessions as a result of which the libellant was
ordered to pay her twenty-five dollars a month for the
support of herself and children.   The libel in this case
was filed December 12, 1914, in which it is charged that
the respondent deserted her husband on the 12th day of
October, 1912.   The desertion is alleged to have occurred
in the refusal of the respondent to accept an offer to come
and take up her residence with him contained in a let-
ter dated September 18, 1912.   The portion of the let-
ter relating to that subject is in these words: "If you
wish to live as you should, come and live with me, as you
promised when you married me, as I did not marry her.
I will have a house somewhere on the road and if you
wish you and the children can come.   There is one thing

certain, I am not going to live this way much longer. So if you wish to make a change say so." It is not contended that there was a desertion by the wife at the time the hus-band withdrew from their common habitation. All the material averments of the complainant as to the conduct of his wife and mother-in-law while they were living to-gether are denied by the respondent and it would not be seriously asserted that any other desertion took place than that which it is contended arose from the failure of the wife to act on the husband's communication of September 18, 1912. It is admitted that the complainant did not have a habitation at the time this letter was writ-ten. Both that communication and one written October 15, 1912, when read in the light most favorable to li-bellant only ask the respondent to come with the chil-dren "and live somewhere on the road." No information was given as to any locality to which the wife was to come with the children nor the kind of a home which was to be provided for them. The fact was that the com-plainant did not have a habitation within the meaning of the act of assembly. He contemplated the renting of a house in which to live. Its selection was postponed for further consideration. The right of the husband to change his residence and the obligation of his wife to follow him to his new home is undoubted but the fact that she did not go is not conclusive on the question of intention. There may be circumstances rebutting the presumption of an intention to desert which otherwise might arise where the wife refuses to follow the husband to the new place of residence. It is incumbent on the husband to provide a suitable home: Bishop v. Bishop, 30 Pa. 412; Beck v. Beck, 163 Pa. 649; Horne v. Horne, 17 Pa. Superior Ct. 486. The burden is on the libellant in such a case to show that his wife refused without cause to change her residence. In view of the hostile attitude of the husband as shown by his application for a divorce in New Jersey and his refusal to support his family which led to the action in the Court of Quarter

Sessions and his failure to inform his wife that he had a home of any kind to which she could come, can the respondent be successfully charged with wilful and malicious desertion? A careful examination of all of the evidence does not convince us that this conclusion should be reached. It is evident from the testimony of the complainant himself that his separation from his wife was by mutual consent. He wanted to go and he says his wife told him he could go, is his account of their separation. It is not surprising therefore that the respondent was not prompt in accepting the libellant's proposition. She was at least justified in assuming that it was not a notification that her failure to go at once where her husband was would be construed as an act of desertion on her part. It might well have been construed by her as an overture for reconcilation. Certain it is that the important relationship of husband and wife are not to be severed on a close construction of the document which it is contended subjects the appellant to a conviction of desertion. When the libellant wrote "I will have a house somewhere on the road and if you wish you and the children can come," his wife would not understand that to mean that the consentable relation theretofore existing was to terminate. She was entitled to a distinct notice to that effect. We are of the opinion therefore that the case is not supported by evidence that respondent is guilty of the desertion charged in the libel. The correspondence between the parties in 1915 after the first hearing in this case does not tend to establish a desertion in 1912. Notice in 1915 of the renting of a house by the libellant and of his desire that the respondent come to live with him cannot be referred to 1912 to supply the lack of evidence then existing that the libellant had a habitation to which his wife and children could come. It may be that the respondent is unwilling to live with her husband however much she protests to the contrary, but her refusal so to do can only be made effective against her

as an act of desertion when the husband has in good faith provided a suitable home for her and her children.

The decree is reversed at the cost of the libellant.