## Rommel *v.* Rommel, Appellant.

*Divorce—Cruel and barbarous treatment—Master—Findings of Master—Conclusiveness—Duty of the Court—Evidence.*

The findings of a master in divorce do not have the conclusiveness of those of an auditor or a master in chancery. They are entitled to consideration by the court, but it is the duty of the court to consider all of the evidence in the case and to determine whether the conclusion reached by the master is supported by such weight of evidence as warrants a decree.

In a proceeding dissolving a marriage contract, the case is not to be disposed of on a doubtful balance of the evidence nor upon unsubstantial inferences.

In an action for a divorce on the ground of cruel and intolerable treatment and indignities to the person, the libel will be dismissed, where the libellant, who undertook to support the complaint by his own testimony, failed to establish by the clear weight of the evidence any of the accusations set forth in the libel.

A decree may be supported by the testimony of the complainant alone, but if this testimony be contradicted and shaken by the respondent, and there be no convincing circumstances warranting a disregard of the contradictory evidence, a case has not been made out.

Argued October 15, 1925. Appeal No. 146, October T., 1925, by respondent, from judgment of C. P. No. 3, Philadelphia County, December T., 1923, No. 4104, in the case of J. Willis Rommel v. Esther L. Rommel. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Reversed.

Libel in divorce.  Before McMichael, P. J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Paul Van Reed Miller, Esq., as Master, who recommended that a divorce be granted on the ground of cruel and intolerable treatment and indignities to the person.  On exceptions to the Master's report, the court dismissed the exceptions and granted a divorce.  Respondent appealed.

*Error assigned* was the decree of the court.

*William T. Connor,* and with him *John R. K. Scott,* for appellant.

*Herbert L. Maris,* for appellee.

Opinion by Henderson, J., February 26, 1926:

In the libel filed in this case, the complainant charged the respondent with cruel and intolerable treatment and indignities to the person and undertook to support the complaint by his own testimony.  The material allegations of his evidence are denied by the respondent.  The corroborating testimony is largely in favor of the latter with respect to the relation existing between the parties as observed by the witnesses called in her defense.  The master regarded the complainant as the more credible witness and based his recommendation for a decree on that conclusion.  The brief opinion filed by the court below is based on the following view of the court: "We are of opinion that we cannot reverse the master on the question of credibility of the testimony of the libellant and respondent."  The decree was accordingly entered in favor of the libellant.  This is a mistaken apprehension of the function of the master.  His findings have not the conclusiveness of those of an auditor or a master in chancery.  They are entitled to considera-

tion by the court, but it is the duty of the latter to consider all of the evidence in the case and to determine whether the conclusion reached by the master is supported by such weight of evidence as warrants a decree. In a proceeding dissolving a marriage contract, the case is not to be disposed of on a doubtful balance of the evidence nor upon unsubstantial inferences. There must be a presentation of a clear and satisfactory case on which the determination of the court may be confidently rested, and one who would win in a case of this character must be clear of everything which is charged as a cause of separation against the opposite party: Edmond's Appeal, 57 Pa. 232; Angier v. Angier, 63 Pa. 450. A decree may be supported by the testimony of the complainant alone, but if this testimony be contradicted and shaken by the respondent and there be no convincing circumstances warranting a disregard of the contradictory evidence, a case has not been made out. With respect to the charge of physical cruelty, the complainant's testimony is contradicted and bears an impress of improbability. Taking into consideration admitted circumstances, the only charge of any consequence on this subject is that the respondent on one occasion struck the complainant on the head with a black-jack making a bruise or a cut about three-fourths of an inch in length. The black-jack admittedly belonged to the husband. He did not know it was in possession of his wife, but when he came out of the cellar, where he had gone on some errand, she struck him over the head and caused the injury complained of. Her version is that the husband having gone to the cellar in a violent temper, she locked the cellar door, whereupon he took an iron poker or wrench and battered the door down and attacked her with the black-jack which he had obtained in the cellar, and that in a scuffle which they had he received the injury complained of. When we consider the state of mind which induced the com-

plainant to break down a door in his dwelling house, when there was another exit, we may reasonably conclude that his wife was not the only offender in the transaction. Moreover, there is evidence of violent attacks by the husband on the wife and admission by him that as a result of one of these he took his wife to a physician for treatment, she having sustained injury to her neck or head. The evidence with respect to assaults by her on the husband on the two occasions referred to is lacking in that clearness and definiteness as to the occurrences which would warrant a court in sustaining the bill for the physical injury alleged. The other charges of cruelty and indignity relate to controversies between the parties not in the presence of witnesses. These complaints were of vulgar and indecent language used by the wife, of charges of improper relations of the husband with one or more women and of nagging frequently indulged in. Each of the parties admits the possession of a high temper, susceptibility to anger, and it may be fairly concluded from all of the testimony that they were engaged in frequent debates and sometimes in verbal controversies. The husband was addicted to the use of liquor. His wife alleged that he was frequently intoxicated. He alleged that she used liquor from time to time; that she was fond of the game of poker which she played frequently in company with acquaintances, to which charge she replied that her husband also indulged in poker playing with her and with their friends, and that he drank at poker parties. This he admits in part. That she had some provocation for believing her husband was untrue to her may be inferred from finding the articles in her husband's pocket which he said he had bought for a traveling man from New York at a drug store on N. Broad Street or near there. It was admitted that he bought two theater tickets for two women, one of whom the respondent suspected of being a favorite of her husband, and these were sources

of annoyance to the wife as was the conduct of the husband in coming in frequently very late at night, as alleged by her. The husband's statement was that they had a "cat and dog time." If by that he intended to be understood as meaning that they were frequently at enmity with each other or acted as a cat and dog do, there is nothing from which it could be fairly concluded that he did not hold his own in interviews of that character. They lived together many years. The wife furnished a home and maintained it. His occupations seem not to have been productive of much income. They doubtless had frequent verbal disagreements in which both exhibited high temper, but they were able to live together, visit their friends, entertain friends and maintain an appearance to those with whom they associated of congeniality and connubial comfort. Their disagreements were of a character unfortunately too frequent in the marriage relation, but excepting the physical collisions to which reference has been made, they were perhaps to be expected between people of their high-strung temperament when not controlled by strong moral or religious influences. The allegation that the defendant admitted that she had illicit relations with an army officer was positively denied by the respondent, and on that state of the testimony, the evidence was insufficient to establish the fact. The court would not grant a divorce for adultery on such controverted evidence, and it is of no greater value on the theory that it is competent to establish indignities to the complainant. Moreover, there is an express denial by the respondent and the officer referred to that any improper relations ever existed between them. The testimony of the complainant does not impress us as exhibiting that candor and frankness which the master observed, and on a careful review of all of the evidence, our conclusion is that the complainant has failed to establish by the clear weight of

the evidence either of the accusations set forth in the libel.

The decree is therefore reversed and the libel dismissed at the cost of the libellant.