# Lomax, Appellant, *v.* Lomax.

*Divorce—Cruel and barbarous treatment—Indignities—Burden of proof.*

In an action for a divorce on the ground of cruel and barbarous treatment and indignities to the person, it is incumbent on the libellant to establish his case by clear and satisfactory evidence and unless there is this preponderance in his favor, the bill will be dismissed.

Argued November 13, 1925. Appeal No. 309, October T., 1925, by libellant, from decree of C. P. No. 5, Philadelphia County, June T., 1923, No. 354, in the case of Joseph Lomax v. Agnes L. Lomax. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Libel in divorce. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Edward A. G. Porter, Esq., as Master, who recommended that the libel be dismissed. On exceptions to the Master's report the court dismissed the exceptions and dismissed the libel. Libellant appealed.

*Error assigned,* among others, was the decree of the court.

*Albert T. Bauerle,* for appellant.

*William T. Connor,* and with him *John R. K. Scott,* for appellee.

OPINION BY HENDERSON, J., February 26, 1926:

The appellant seeks a divorce from his wife because of cruel and barbarous treatment and indignities to the person. His case, as to the relevant evidence, rests almost wholly on his own testimony and this loses

some of its weight from the undisputed fact that he has been in impaired health for a few years as a result of which his memory is more or less defective and a condition of nervousness exists. The corroborating evidence is wholly insufficient to make out a case on any of the specific charges set forth in the bill of particulars. It relates to a lack of cordiality on the part of the respondent in receiving relatives of the husband not members of the household, of her unwillingness to visit his kindred, to matters of business with which he was concerned and her temperament. The parties were married in 1884 and lived together until November 19, 1922, when the libellant left home to make a visit to his daughter in Duluth. On his return some months later, he went to the home of a son to reside and did not again go to his own home. His complaints included occurrences which took place many years ago and which from his subsequent conduct could have made little impression on him at the time for he continued to live with his wife until his visit to the daughter, and six children were born to them during that period—no charge having been made of the cruelty of his wife nor of indignities to his person until the time his nervous system became affected. All the acts of cruelty alleged are specifically denied by the respondent or so explained as to relieve her from legal responsibility. She denies she struck the libellant in the face, or that she hit him in the face with a book, or threw a knife, or that she spat in his face, and with reference to these charges there is not the slightest corroboration. With respect to the evidence bearing on indignities to the person, the weight of the evidence supports the respondent. As to a large number of the specifications of indignities they would not have that character if clearly made out, and the others are not established by a preponderance of the evidence. It is incumbent on one who seeks to procure a divorce to establish his case by clear and satisfactory evidence

and unless there is this preponderance in his favor, the bill will be dismissed. The master observed the evident mental condition of the libellant and found that he grossly exaggerated the incidents of which he complained. He further found that it was clear that the respondent, at all times during the period complained of, treated the libellant with full consideration. Our examination of the evidence leads us to the same conclusion. That there were at times heated discussions between the parties with respect to business and domestic affairs may be inferred from the testimony, but such arguments and disputes have not, as occurrences, the quality of cruelty or indignities, and with these out of the case there is nothing left which is not so contradicted or explained as to leave the complainant without that showing of injury which entitles him to the relief sought. The master has given a clear analysis of the evidence and we are thereby relieved from a discussion of it in detail. The action of the court is well sustained by the testimony and the decree is affirmed at the cost of the appellant.