## Sarver, Appellant, *v.* Sarver.

Argued April 17, 1929. Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*W. S. Rial,* and with him *H. E. Marker,* for appellant.

*Charles C. Crowell,* and with him *Howard H. Whithead* and *Daniel VanBuren Crowell,* for appellee.

OPINION BY TREXLER, J., July 2, 1929:

This is a divorce case wherein the husband alleges wilful and malicious desertion on the part of the wife. The original libel states that the desertion took place on the 20th of April, 1918. This was the day upon which the respondent, with the assent of her husband and with full knowledge on his part that she was not in her right mind, was removed to an insane asylum for treatment. After the master had refused to grant the divorce on the pleadings for the reason that the desertion had not occurred on the day fixed, libellant upon petition to that end, was allowed to change the date of the desertion from the 20th of April, 1918, to on or about December 1, 1921. The wife stayed in the asylum from April 20, 1918, to December 27, 1921. During the time she was there, three and one-half years, libellant visited her twice. When she was released, she was taken to the home of her brother at Greensburg where she has remained.

The desertion must be predicated upon the testimony of the libellant in which he asserts that upon his visits to his wife at her brother's home at Greensburg, he would say, "When are you coming home" and she would always answer, "I don't know; I don't know." "She didn't say she was not coming and she never told me she was coming home." Although she never, according to his story, refused to come home, he never, it appears, pressed her to a decision nor presented the matter so as to give her the alternative of either coming home or facing a dissolution of the marriage bonds. His language is hardly such as would come

from a husband who is anxious to resume the marriage relation. There were two witnesses called to prove similar declarations on her part, but they testified to matters occurring before the wife's removal to the asylum. The wife denies that she ever made answers as above stated, and that he ever asked her to come home. Thus we have oath against oath upon a fact which is essential to the libellant's case.

The lower court, taking the husband's narrative as verity, decided that his efforts to get his wife to live with him were not made in good faith. His course of conduct as the judge pertinently observes, does not show that he was sincere. His charging the desertion as of a date when he himself says she was out of her mind, does not impress one favorably. His two visits to her over a period of three and a half years when she was at the institution for the insane, shows an indifference which is the proper subject of comment. His loose statement that he called to see her at Greensburg about the year 1921, although she was in the asylum until December 27, 1921, coupled with his allegation that the desertion took place about December 1, 1921, would show that either his memory is not accurate, or that he is careless in his statements. We think the court took the right view. Unless the application for divorce is made in sincerity and truth and the cause set forth is fully sustained by proof, a divorce should not be granted.

The order of the lower court is affirmed; the appellant to pay the costs.