## Strobel v. Strobel, Appellant.

Submitted October 30, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM and BALDRIGE, JJ.

*H. Eugene Gardner,* for appellant.

*Bryan A. Hermes,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1931:

This is a libel for divorce brought by the husband against the wife on the ground of wilful and malicious desertion. The master and the learned court below were of the opinion that the evidence adduced warranted the granting of a divorce. We concur in that conclusion.

The parties to this action were married on November 26, 1902, and lived together until February 7, 1927. They had two children—a boy and a girl, aged 21 and 23, respectively, at the time of the divorce hearing. The husband, evidently, has been an industrious man, as he testified that he never lost a day's pay in seventeen years. When this couple first went to housekeeping, the libellant paid his wages to his wife, reserving for himself only $1.50 per week for his personal expenses. Although the testimony does not state directly,

we gather that a farm was bought, upon which they lived, and when the taxes and interest on the mortgage fell due, from time to time, it was necessary for the husband to borrow money to make payment thereof, notwithstanding that at that time he was making $50 to $75 a week. He desired to change this custom of paying all the money to his wife and suggested that it be deposited in a box in the house and that each should have access thereto and use such portion as was necessary for their respective wants. This plan did not prove satisfactory and, as a result, we find this couple differing over money affairs; this, apparently, was the primary cause of their subsequent quarreling. In the course of time, the libellant changed his occupation and, while his income thereafter was not stated of record, the work in which he was engaged would indicate that he was not earning as much as formerly.

The respondent contends that her husband was penurious and failed to supply her with the ordinary needs of life; that he became angry at her requests for money; and that on two occasions he hit her. The first time, according to the husband's testimony, was fourteen years prior to the wife's alleged desertion, and resulted over a suggestion he made to her not to allow unclean dishes to remain on the table. A dispute arose and he lost his temper and slapped her. Her account of this attack is that her husband hit her on the head and injured her hearing for a period of time. In any event, it is agreed that no more blows were struck until about a year prior to the time the wife left the home and she stated that then her husband had assaulted her once more, causing her nose to bleed. She was very indefinite in regard to this affair and was unable to give any particulars, and the husband denied that he had ever struck his wife but on the one occasion.

The daughter, who is friendly to, and lives with, the mother, testified that her father generally gave her mother money but "it wasn't quite enough." The wife testified that at the time of these disagreements, the husband made threats against her. On one occasion, she testified, he threatened to "knock me cold." The husband denied that he had made such threats, and upon cross-examination of the wife, it appeared that when she made complaints respecting the conditions which prevailed, the husband said, "If they don't suit you, get out."

On the afternoon of Monday, February 2, 1927, the husband and wife were having a discussion in regard to the careless disposition of tickets he had collected for the bus which he drove. The daughter made a vile remark to her father, which deserved severe censure, and it angered him so that he "smacked" her with his open hand. This infuriated the mother and after getting the daughter into another room, she called to her son, who was nearby, and, according to the libellant's testimony, the son used profane and vile language and invited his father out on the street to fight. The son knocked his father down on the street and then hit him several times. After this fight terminated, the respondent and the children went to a neighbor's for the night. The next morning they returned home and remained, without further contention, until February 7th, when they moved away, taking with them most of the household furniture.

A short time thereafter, application was made by the wife to the municipal court for support, and it was granted. In the following June, the libellant, having in the meantime learned where his wife was living, stopped at her house and inquired what her intention was and if she was not coming back. She replied, "I have to think it over." She never made a further re-

ply and her testimony clearly indicates that she did not intend, and does not now desire, to return.

The next door neighbor, called by the respondent, testified that although she had been in the house on different occasions, she never heard any quarreling or loud talking between this husband and wife, but they were not agreeable to one another; the wife, however, was not any more cordial in her attitude than the husband.

The respondent contends that she was compelled to leave the libellant because of his cruelty and indignities. If a desertion occurs, as appears here, and is without sufficient legal, reasonable cause, it is presumed to be wilful and malicious, and if persisted in for two years or more, the injured party will be entitled to a divorce: Van Dyke v. Van Dyke, 135 Pa. 459; Rosa v. Rosa, 95 Pa. Superior Ct. 415, and cases cited therein. The legal cause to withdraw from the marital relation must be such as will authorize a dissolution of the marriage bond. In the case of cruel and barbarous treatment, cruelty may consist only of a single act, but it must be of a severity that endangers life. No single act of indignities to the person is sufficient cause for a divorce; there must be a course of conduct or continual treatment as to render the wife's condition intolerable and her life burdensome, but these indignities need not be such as to endanger life or health: Krug v. Krug, 22 Pa. Superior Ct. 572; Lynn v. Lynn, 76 Pa. Superior Ct. 428. We find nothing in this evidence that would justify the granting of a divorce to this wife on the ground of either cruelty or indignities to the person. Most of the quarreling which occurred was the result, no doubt, of the lack of co-operation upon the part of these people to live a contented and happy life. He was probably inconsiderate; she, apparently, was at times irritable; but mere incompatibility did not justify the respondent in with-

drawing from their home. The want of forbearance or patience, or an ungenerous and inconsiderate treatment, is very apt to interfere with the affection which should exist between husband and wife. But the legislature has not stipulated such treatment as grounds for divorce: Rosa v. Rosa, supra.

As the wife failed to prove that she withdrew for a legal cause or with the consent of the libellant, he is entitled to a divorce on the ground of her desertion.

Decree of the learned court below is affirmed.