Shore, Appellant, *v.* Shore.

Argued December 14, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*M. M. Burke,* and with him *Joseph G. Seesholtz,* for appellant.

*Roscoe R. Koch,* for appellee.

PER CURIAM, January 25, 1933:

This is an action of divorce alleging desertion occurring on or about June 18, 1928. The parties reside in Pottsville. The libellant is a dentist. On June 19th, he had occasion to see a patient who resided about 9 miles from Pottsville. He took with him his office girl, and after he had left the patient's home about 10:20 P. M. instead of returning directly home he drove to Pinegrove and got to Pottsville a little before midnight. The office girl is not a trained nurse, but simply an office assistant. He admitted that this was not the first time he had his office assistant out with him in his automobile. When the latter alighted from the machine respondent met her and the two women had some disagreement. After the office girl left the machine, libellant went to his home and when he got there his wife was not there. He left again and was gone about fifteen minutes and does not know whether his wife was there during that time. The reason he left was because his office assistant, and her mother went to his apartment and requested him to accompany them to police headquarters for the purpose of instituting prosecution against respondent and he did accompany them for this purpose. He then remained in his apartment until July 6, 1928, and saw nothing of his wife during that period. His wife went to the home of her uncle in Pottsville. So far this seems to be an abandonment of their common domicile by both parties. As was said by Judge HOUCK, who wrote the opinion of the lower court: "The circumstances were

calculated to call forth the conduct pursued by respondent and there is not a word in libellant's testimony that he made any attempt to effect a reconciliation. He testified that he went to the house where his wife was, to see her, and that he called her on the telephone. [What he says transpired on these occasions is contradicted by his wife.] Nowhere does he state that he urged her to return to him or that he intended to ask her to attempt to reconcile their differences." We again quote from the opinion of the lower court: "Under the circumstances presented it certainly was his duty to put forth some effort to bring about a reconciliation. This is not a case of a husband being deserted wilfully and maliciously, but it is a case which bears every earmark of a husband grown weary of the marriage bond seeking some excuse for its dissolution and well satisfied with the situation, which seems to offer the possibility of the desired freedom."

"Furthermore, libellant's testimony, denied and contradicted as it is by that of respondent, can not be regarded as creating more than a doubtful balance of the evidence. It fails to make out a clear and satisfactory case on which to rest the conclusion that there was a wilful and malicious desertion by the wife persisted in for two years. A decree may be supported by the testimony of the libellant alone, but if this testimony be contradicted and shaken by the respondent and there be no convincing circumstances warranting a disregard of the contradictory evidence, a case is not made out: McGowan v. McGowan, 98 Pa. Superior Ct. 194, 200. Libellant has failed to establish a wilful and malicious desertion." To this conclusion of the lower court we all assent.

The order is affirmed. Appellant to pay the costs.