## Blesh v. Blesh

*Hipple & Haggerty*, for plaintiff.
*Geary & Haag* and *M. C. Rhone*, for defendant.

BAIRD, P. J., December 23, 1932.—This action of divorce was begun February 27, 1932. The cause, as alleged in the original libel, is that the respondent "in the year 1932, and more particularly on or about February 23, 1932, and February 24, 1932, in Clinton County, Pa., and on divers other days and times, committed adultery with one Simon Liverant, and with divers other persons to the libellant unknown": paragraph 5 of libel.

After service, appearance and answer, the libellant petitioned the court for leave to amend his libel by adding to paragraph 5 the following:

"And the libellant avers that in violation of respondent's marriage vows and the laws of the Commonwealth of Pennsylvania, respondent in the year 1932, and more particularly between November 3, 1932, and November 12, 1932, inclusive [a time subsequent to the beginning of the action and the filing and service

of the original libel], committed adultery with one Andrew D. Yorke at Lock Haven, Clinton County, Pa."

Whereupon a rule to show cause was granted.

The respondent answered suggesting that the court is without jurisdiction to allow the proposed amendment for the reason "that it sets forth an entirely new and different cause of action which arose since the libel was filed, and if proven would constitute an entirely new and distinct ground for divorce".

The courts of common pleas differ on the question as to whether such an amendment, that is, one alleging an additional ground of divorce arising after the filing of the original libel, may be allowed (neither of the appellate courts ever having passed on the question) ; Getz v. Getz, 14 Dist. R. 69, Ryan v. Ryan, 19 Dist. R. 856, and Litch v. Litch, 27 Dist. R. 1029, holding that it may be, and Galbogis v. Galbogis, 21 Dist. R. 515, Ackerman v. Ackerman, 3 D. & C. 296, and Darwin v. Darwin, 6 D. & C. 389, holding that it may not be.

Clayburgh v. Clayburgh, 15 W. N. C. 365, and A. v. B., 2 Dist. R. 393, on their face do not support the amendment for the reason that it does not appear in the report of either case whether the additional cause of action proposed arose before or after the filing of the original libel, and Judge Magill in Galbogis v. Galbogis, supra, says of both cases that the offense of adultery, sought to be included by amendment, was committed before the filing of the libel. Graybill v. Graybill, 14 D. & C. 382, and Powers' Appeal, 120 Pa. 320, are likewise silent on the question whether the new cause alleged arose before or after the filing of the original libel, but as the original causes alleged in Powers' Appeal were desertion and indignities to the person and the additional cause proposed to be added by amendment was cruel and barbarous treatment, we think it may be safely assumed that the additional cause arose before the filing of the original libel.

It probably will be conceded that as a general rule in actions at law a cause of action which accrues after commencement of the suit cannot be added by amendment to a cause of action on which the suit was begun.

Clayburg v. Clayburg, supra, was decided on the theory that the power of the courts to permit amendments setting up new causes of action in a divorce case does not depend on the statutes of amendment; that they refer to common-law actions, not to proceedings in equity, and that divorce is in the nature of a proceeding in equity. Getz v. Getz, supra, Ryan v. Ryan, supra, and Graybill v. Graybill, supra, adopt this theory, but it was repudiated in Mallon v. Mallon, 11 Dist. R. 456, where it was held that proceedings in divorce in Pennsylvania are purely statutory, and that the principles which obtain in chancery in regard to amendments do not apply. In that case Judge Wiltbank said:

"It must be said that a proceeding in divorce in Pennsylvania is in no sense an equitable proceeding, and that principles of equitable jurisprudence do not apply. It is a statutory proceeding and nothing more, and the statutes have put nothing to the discretion of a chancellor and made no appeal to his conscience. The judge must proceed according to what is expressed, and he has no jurisdiction in divorce by implication or under some general grant of power. The pleadings are not pleadings according to equity. A sworn answer, which is responsive, has not the weight of such an answer to a bill." With this statement of the law we concur.

A familiar example of the view that proceedings in divorce are not controlled by equitable principles and practice is found in the oft-repeated statement of our appellate courts that the report of a master in divorce does not have the force and effect of the findings of fact of a master in equity. Burns

v. Burns, 84 Pa. Superior Ct. 489; Rommel v. Rommel, 87 Pa. Superior Ct. 511; Stewart v. Stewart, 88 Pa. Superior Ct. 1; Nacrelli v. Nacrelli, 288 Pa. 1; and many other cases to the same general effect that might be cited.

Now, December 23, 1932, the libellant's petition for leave to amend is refused, and the rule to show cause heretofore granted is discharged.