## Truitt, Appellant, *v.* Truitt.

Argued December 14, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE,

80

Joseph L. Fox, for appellant.

Thomas E. Comber, Jr., for appellee.

Opinion by Stadtfeld, J., January 27, 1938:

This is an action for divorce, a.v.m., filed by Zorah B. Truitt against his wife, Sivilla A. Truitt, on January 11th, 1933, charging respondent with cruel and barbarous treatment, indignities to the person and desertion. The respondent filed an answer to the libel, denying the charges. The case was referred to a master, on Nov. 27th, 1933. The master filed his original report on Nov. 4th, 1935, recommending the dismissal of the libel to which exceptions were filed on November 8th, 1935. On Nov. 12th, 1935, a petition to amend libel and refer back to master, was filed, which rule was, on March 11th, 1936, made absolute and an amended libel was filed changing the date of desertion from Dec. 13th, 1924, to on or about Nov. 12th, 1932. Libellant being ruled to file a bill of particulars, filed same and respondent filed an answer thereto. On June 15th, 1937, a supplemental master's report was filed. On June 16th, 1937, exceptions thereto were filed. Argument thereon was heard by the court en banc, consisting of Finletter, P. J., Heiligman and Brown, JJ. An opinion was filed by Finletter, P. J., on Dec. 2,

1937, overruling the exceptions and dismissing the libel. The libellant and respondent at the respective ages of forty-one and thirty-six years were married on July 6th, 1908, at Alexandria, Virginia, and thereafter lived in Philadelphia, Pa., together as husband and wife until Dec. 13th, 1924. A home was purchased in their joint names at 1012 Gilham St., Philadelphia, Pa., their last address.

No children were born of this marriage. About three months before they parted on Dec. 13, 1924, they sold the Gilham St. property and on the day before their separation they made settlement with the purchaser at a title company. Each received $3,499 as proceeds of the sale, which sum was deposited in a bank in their respective names. The parties have not lived together since that date.

The respondent left 1012 Gilham St. and moved to Quakertown, Pa.; Palmyra, N. J., and then to various addresses in Philadelphia, Pa. For five years, the husband paid voluntarily a weekly sum to the wife, and, this ceasing, he paid a support order made by the Municipal Court. The testimony indicates that the separation was by mutual agreement.

On May 26, 1932, the respondent, the wife, had herself brought proceedings for divorce on the ground of desertion. On Nov. 1, 1932, these were dismissed by the court for want of prosecution.

The charges of cruel and barbarous treatment and indignities, depended entirely on the uncorroborated testimony of libellant and were contradicted by respondent. The testimony did not measure up to the necessary requirements. After the filing of the amended libel, these charges were apparently abandoned, and the only charge that is stressed in this appeal is that of desertion on or about Nov. 12th, 1932, as set forth therein.

The controlling question in this case is whether or

not an offer of reconciliation, claimed to have been made by the libellant on Nov. 12th (13th), 1932, was sincere and in good faith, or was it, on the other hand, made solely for the purpose of securing a refusal which libellant could utilize as a basis for divorce on the ground of desertion.

No useful purpose would be served by discussing the testimony in detail.

On Nov. 12, 1932, libellant rented a dwelling house upon monthly lease, paying one month's rent. On the following day, Sunday, he went to the neighborhood of the church attended by his wife, taking with him a friend, a stranger to his wife. His wife appearing, he approached her, and, in the presence of this man, told her he had rented a house at 6611 Uber St., showed her the receipt for rent, and asked her to come and live with him. She refused, and that was the end of the conversation. The wife had not been consulted about the house. Whether the house suited the wife, who was to live in it, seems not to have been considered.

Libellant never attempted to write his wife a letter, or to send a mutual friend to intercede in his behalf. On the other hand, he admits that after the date of the alleged attempt to effect a reconciliation he neither wrote to, nor visited his wife. The alleged offer of reconciliation was made at or about the time that the libellant was endeavoring to persuade the respondent to go through with a divorce proceeding that he had originally induced her to start.

The whole transaction in relation to the efforts at effecting a reconciliation bears the evidence of a mere formality and not a sincere effort to obtain satisfactory results. After a careful examination of the entire record, we have come to the same conclusion as did the court below, that the offer was not made in good faith. We believe it was made to be refused and the refusal proved by the witness brought along to hear it.

In *Walsh v. Walsh,* 117 Pa. Superior Ct. 579, 178 A. 399, similar to this case in that the original separation of the parties did not amount to desertion, and there was but one offer (by letter instead of verbal) to resume co-habitation, the court mentions the "self-evident insincerity of his letter" (offer) and states, at p. 583: "The evidence does not show that the previous separation of the parties constituted a desertion on the part of the respondent. Hence, in order for libellant to be entitled to a decree he 'must first, *in good faith,* take some unequivocal step looking to a resumption of the family relation between them which is rejected by the other.' "

In *Weisbrod v. Weisbrod,* 103 Pa. Superior Ct. 267, 156 A. 542, the court, in passing upon a situation similar to that found in the present case, said at p. 269: "Our review of the evidence leads us to agree with the court below that the appellant has not established the desertion of the respondent by that clear and satisfactory preponderance of the testimony which the law requires; that the separation which took place in 1916 was rather a permissive one, consented to by the libellant, if not actually suggested by him; and that having been originally of that character it never changed to a wilful and malicious desertion because the libellant never made any real and bona fide attempt thereafter to secure a reconciliation and a resumption of the family relation."

In *Wagner v. Wagner,* 112 Pa. Superior Ct. 485, 171 A. 419, the whole subject of proper and adequate proof of a doubtful case is discussed as follows, at p. 498: "Quoting from the opinion by LINN, J., in *Twaddell v. Twaddell,* 95 Pa. Superior Ct. 429, 432, 'The rule of law to be applied is well settled; it is only in cases clearly within the statute that a divorce may be granted; for that reason (when there is no jury trial) the evidence must bear the scrutiny of a master, and

then of the common pleas, and then of this court, if an appeal be taken. "In a proceeding dissolving a marriage contract, the case is not to be disposed of on a doubtful balance of the evidence nor upon unsubstantial inferences. There must be a presentation of a clear and satisfactory case on which the determination of the court may be confidently rested, and one who would win a case of this character must be clear of everything which is charged as a cause of separation against the opposite party; *Edmond's Appeal,* 57 Pa. 232; *Angier v. Angier,* 63 Pa. 450. A decree may be supported by 'the testimony of the complainant alone, but ' if : this testimony be contradicted and shaken by the respondent and there be no · convincing circumstances warranting a disregard of the contradictory evidence, a case has not been made out." *Rommel v. Rommel,* 87 Pa. Superior Ct. 511, 513; see also *Greims v. Greims,* 87 Pa. Superior Ct. 312, 317; *Lomax v. Lomax,* 87 Pa. Superior Ct. 543; *Stewart v. Stewart,* 88 Pa. Superior Ct. 1; *Headland v. Headland,* 88 Pa. Superior Ct. 417; *Goldberg v. Goldberg,* 89 Pa. Superior Ct. 319; *Nacrelli v. Nacrelli,* supra.'

"In *Esenwein v. Esenwein,* 105 Pa. Superior Ct. 261, 263, we held in an opinion by our President Judge TREXLER, that in an action for divorce, based on charges similar to those in the instant case, 'that the testimony of the husband, denied and contradicted by the wife (as in this case) cannot be regarded as creating more than a doubtful balance of evidence. When such a situation occurs the libellant fails to make out a clear and satisfactory case: *McGowan v. McGowan,* 98 Pa. Superior Ct. 194; *Twaddell v. Twaddell,* 95 Pa. Superior Ct. 429; *Dunlap v. Dunlap,* 97 Pa. Superior Ct. 405.' This case was, on appeal, affirmed by the Supreme Court reported in 312 Pa. 77."

The assignments of error are overruled and the decree of the lower court is affirmed.