Opinion by
 

 Hirt, J.,
 

 The parties to this divorce action were married in 1925 and lived together until January 10, 1936 when respondent left libellant taking their young son with her. They have not lived together since that date. The principal difficulty between them and the reason for the separation was an “affair” extending over a number of years between libellant and a Mrs. Davis. The master
 
 *190
 
 recommended a divorce. The lower court, though it found that libellant had “paid undue attention to Mrs. Davis” and, after the separation, “did not change his conduct in that respect,” nevertheless entered a decree of divorce on the ground of desertion. The court was unable to find evidence of a separation by consent, or of reasonable cause justifying a desertion. Our conclusions from an independent consideration of the testimony do not agree with those of the lower court and the decree will be reversed.
 

 In 1925 libellant leased an apartment on the floor above his real estate office to Mrs. Davis and her husband who lived there until 1932. Davis then left his wife and later secured a divorce from her on a charge of cruel and barbarous treatment. He believes that libellant was responsible in some degree for the conduct of Mrs. Davis which resulted in his divorce. During that period libellant sought out the company of Mrs. Davis on every occasion. When he took his wife for a ride in his automobile Mrs. Davis frequently was with them. He was in the Davis apartment for some of his meals and habitually spent a part of his evenings there, sometimes remaining until the early morning hours. At times while his office was open during the evening Mrs. Davis was there answering the telephone. He occasionally took her out to lunch and on his own admission she was alone with him in his automobile at least twenty-five times in one year. When he bought the car, she had a part in making the selection. His attention to her was the subject of common gossip. Libellant’s father, on finding him in the Davis apartment during the day on one occasion, remonstrated with him because of his conduct toward her. He was away from his home almost every evening. His statement that he spent his evenings collecting rents at the homes of tenants until 11:30 each night and then worked in his office until 2:30 in the morning, is not convincing. A levy which he made on the Davis’ furniture after their separation
 
 *191
 
 obviously was for the benefit of Mrs. Davis. Without payment of the past due rent she moved the goods while under levy, without remonstrance from libellant, to the home of her parents not far from libellant’s office. The evidence also is clear, in spite of libellant’s denials, that his attentions to Mrs. Davis continued down to the time of the hearings in this case.
 

 Despondent in June 1935 first complained to libellant of his conduct with Mrs. Davis and late in November when she related what his parents had told her of the affair, she testified that he flew into a rage, hit her in the face, and in vile language told her to “get out of here.” 'She remained until after the holidays because of their son but left on January 10, 1936.
 

 Though the testimony does not rise to the degree of proof necessary to establish an immoral relationship, the fact that libellant deceived his wife as to where he was spending his evenings must be considered in determining what credence is to be given his testimony.
 
 Manzi v. Manzi,
 
 112 Pa. Superior Ct. 332, 171 A. 92. We do not accept his testimony that his relations with Mrs. Davis were either wholly platonic or casual; he protests too much and the evidence of frequent association continually over a number of years cannot be explained away on that ground.
 

 Passing the question whether his conduct amounts to such indignities as would entitle the respondent to a divorce, we think it clear that she cannot be charged with desertion. Her leaving was not malicious, and in law amounts to no more than a separation by consent. The conduct of libellant, humiliating to a woman of any sensibility, was reason enough for a separation so long as that conduct continued, but, in addition there is positive evidence that libellant ordered the respondent from his home. His conduct and this request were the reasons for her leaving and together gave his consent to the separation. Where a husband requests or by his conduct encourages a separation he cannot charge his
 
 *192
 
 wife with wilful and malicious desertion.
 
 Crandall v. Crandall,
 
 66 Pa. Superior Ct. 153;
 
 Sternberg v. Sternberg,
 
 73 Pa. Superior Ct. 328;
 
 Mertz v. Mertz,
 
 119 Pa. Superior Ct. 538, 180 A. 708.
 

 Where the separation is with the consent of the husband, only a bona fide request to return ignored by the wife, will change the character of the separation into that of a malicious desertion within the meaning of our divorce laws.
 
 Pomerantz v. Pomerantz,
 
 71 Pa. Superior Ct. 241; the attempt to effect a reconciliation and a resumption of the family relationship must be made in good faith.
 
 Truitt v. Truitt,
 
 130 Pa. Superior Ct. 79, 197 A. 152. Courts ought never to sever the marriage contract where the application is not made in sincerity and truth for the causes set forth in the libel.
 
 Angier v. Angier,
 
 63 Pa. 450. Libellant wrote several letters to the respondent suggesting that she return but always with a condition, in effect, that she apologize for
 
 Tier
 
 conduct. This unreasonable condition, which he knew his wife would not agree to, indicates the insincerity of the requests. He asked for a meeting on one occasion but did not appear at the place designated by respondent. He never attempted to discuss a reconciliation with respondent at her home at the times of his visits with his son. Once only did he see the respondent and ask her to return and then on the eve of his divorce action when at the suggestion of his counsel he went to her home for that purpose. In response to his letters she had told libellant that she was unwilling to return “under the same conditions” and at the meeting on June 13, 1938 she told him that she felt the same way about it, whereupon he said “you will hear from me.” His libel in divorce was filed eight days later.
 

 In the absence of evidence that libellant sought a reconciliation in good faith, we think there was error in granting the divorce.
 

 Decree reversed and libel dismissed at the costs of libellant.