Opinion by
 

 Kenworthey, J.,
 

 The husband brought an action for divorce on the ground of desertion. The wife defended on the ground she was justified in leaving. The testimony was taken before a master, who recommended the refusal of the divorce; the court below adopted the recommendation and dismissed the libel. The husband has appealed.
 

 
 *543
 
 We have little difficulty with the material facts. They are either undisputed or the evidence concerning them is so clear as to leave little room for doubt. It will serve no purpose to review the evidence in detail.
 

 The parties were married in January 1913. The act of desertion is alleged to have occurred October 28, 1937. Three children were born; two daughters, who at the time of the hearing were married, and a son, about twenty-one years of age, who was a student at the Philadelphia College of Pharmacy, and who lived, when at home, with libellant. The principal difficulties between the parties arose about the year 1930. At that time libellant brought to live in the home a cousin, who was then a woman of twenty-eight. She continued to live with the family for the most part from that time until November 1936. After respondent left in October 1937, the cousin again moved into the home and has been living there with libellant ever since. Throughout, libellant showed a preference for the cousin, relegating respondent to the position of a supernumerary. Although there was no evidence of immorality, he was openly demonstrative in his affections and showed none toward respondent, whom he completely ignored except to criticise or rebuke her. When the three of them rode in an automobile, the cousin rode with libellant in the front seat; respondent was relegated to the back. On occasion, when she remonstrated, she was told if she didn’t like it, she could stay home. Libellant constantly criticised and reproached respondent for her slovenly ways, poor housekeeping and her inadequate cooking. On occasion, he used profanity, but there is little evidence he was wont to call her opprobrious or vile names. We are not clear whether she was entitled to the credit of being a good cook or a good housekeeper, but, if not, we are satisfied libellant was himself largely to blame. Although he earned a substantial salary— as high as five thousand dollars ($5,000) a year — he
 
 *544
 
 resisted all protests from the children as well as respondent to make obviously needed repairs in the house. The ceilings and walls needed attention, the woodwork needed painting. It is easy to understand that his own neglect to provide the necessities of a decent, clean home environment would be discouraging to any self-respecting woman charged with the responsibility of housekeeping.
 

 Because of the condition which respondent considered intolerable, she left libellant on four occasions in all. She left for several months in 1930. She left for several weeks or a month in 1931. In September 1936 she again left, agreeing to return only on condition that the cousin would leave. She did return when the cousin left in November. Even though the cousin did not live with them from November 1936 until October 1937, when respondent finally left, there was evidence the cousin and libellant saw much of each other during the period. The cousin would call libellant on the telephone and they would engage in long conversations. Libellant spent much time, particularly in the evenings, away from home and from May 1937 took all his meals out except breakfast, which he prepared for himself.
 

 On several occasions, libellant asked respondent why she did not get out.
 

 In an action for divorce on the ground of desertion there must be satisfactory proof that the desertion was wilful. Wilfulness is rebutted by evidence that the separation was encouraged or acquiesced in by the libellant. We think the lower court correctly concluded that the burden of establishing wilful and malicious desertion was not met. See
 
 Lacock v. Lacock,
 
 74 Pa. Superior Ct. 378;
 
 Heikes v. Heikes,
 
 90 Pa. Superior Ct. 312;
 
 Shore v.
 
 Shore, 107 Pa. Superior Ct. 566, 164 A. 110;
 
 Walsh v.
 
 Walsh, 117 Pa. Superior Ct. 579, 178 A. 399.
 

 The order of the court below dismissing the libel is affirmed, costs to be paid by appellant.