Stanziola, Appellant, *v.* Stanziola.

Argued March 15, 1948.  Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.  (FINE, J., absent.)

reargument refused September 16, 1948.

*Rocco C. Falvello,* for appellant.

*George I. Puhak,* for appellee.

OPINION BY DITHRICH, J., July 23, 1948:

The sole question involved in this appeal from the dismissal of a libel in divorce is whether libellant's offer to resume marital relations after a consensual separation was made in good faith.  The learned court below decided it was not.  Its decree will be affirmed.

The parties were married in 1912; they lived together until June 21, 1930, when a separation agreement was entered into.  On May 3, 1933, libellant, by registered letter, return receipt for which was requested, communicated to respondent his purported offer of reconciliation.  Respondent did not answer the letter and, after

a lapse of almost thirteen years, or on January 29, 1946, libellant brought this action alleging willful and malicious desertion from May 3, 1933, the date of the letter. His explanation for waiting so long to institute this proceeding is that he was "hospitalized most of the time and sick." There is no evidence to substantiate his statement.

The fact that the letter was prepared by an attorney, sent by registered mail, a return receipt requested, and the return receipt and a typewritten copy of the letter introduced into evidence at the hearing before the master, was sufficient to warrant the court below in concluding that libellant's motive in sending the letter was to obtain evidence on which to base his action in divorce, rather than to effect a reconciliation. In that respect this case is strikingly similar to *Wilhelm v. Wilhelm,* 130 Pa. Superior Ct. 143, 197 A. 496. We there said, page 147:

"There are circumstances about the letter of reconciliation which belie its seeming frankness. The letter is quite formal and studied in its manner and is hedged with careful qualifications. It was sent by registered mail and a copy of it retained by the libellant. These circumstances cast a serious doubt on libellant's sincerity and give rise to a suspicion that the letter was sent for purely evidential purposes. An offer to resume the marital status must be made in good faith." See also *Walsh v. Walsh,* 117 Pa. Superior Ct. 579, 178 A. 399.

To the master's way of thinking, the continuous compliance by libellant with the order of court for the support of the respondent for thirteen years after the offer of May 3, 1933, " 'indicated that it was not made by him to escape marital obligations' "; but to the court below and to this Court "compliance with the Court's order proves little, if anything, in his favor. . . . The fact that he made no effort to have the order rescinded or modified may demonstrate that he had little faith in the bona fides of his own offers, for if he could establish

that he made them in good faith the court upon proper application would have rescinded its order."

Manifestly, libellant in invoking the aid of the Court in this action is doing so solely for the purpose of ridding himself of his wife and being relieved of the burden of supporting her. Witness the following: "Q. And your only reason for getting this divorce is to rid yourself of this Court Order, you are getting older and it's 'heavy' on your shoulders and you would like to get rid of it? A. That's right."

Decree affirmed.