# Jesse G. Rosenberry v. Esther Rosenberry, Appellant.

*Appeals—Supreme Court—Superior Court—Divorce.*

An appeal from a decree in divorce lies to the Supreme Court, not to the Superior Court.

*Divorce—Desertion—Evidence.*

In a suit for divorce by a husband against his wife for desertion, the evidence on the part of the husband tended to show that the respondent left her husband's house after a number of quarrels; that she rented and furnished a house and continued to live in it for over two years; that she was requested by her husband to return which she refused to do, except that occasionally she went to his house taking her food with her with no other object than, as she announced, "to raise the devil." Much of this evidence was contradicted by witnesses called by the wife. *Held*, on appeal, that a decree for divorce should be sustained.

Argued Feb. 4, 1897. Appeal, No. 607, Jan. T., 1896, by defendant, from decree of C. P. Montgomery Co., Dec. T., 1893, No. 13, on libel, for divorce. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Libel for divorce on ground of desertion.

The libel, filed October 5, 1893, averred that the desertion took place on April 1, 1893, and still continues. From the evidence taken before C. Henry Stinson, Esq., examiner, it appeared that prior to January 21, 1893, libellant and respond-

ent had frequently quarreled; that on January 21, 1893, respondent left her husband's home, stating that she would not live with him any longer. She rented a house, furnished it and took up her residence in it. Her husband requested her to return to him, stating that if she did not return to him, he would have to break off housekeeping. She refused to return, although on several occasions she went to his house, taking her food with her. She told several witnesses that her purpose in going to her husband's house was to "raise the devil." The respondent testified that she always regarded the libellant's house as her home, and after January 21, 1893, helped in the household work. She stated that she went away to learn to sew on a sewing machine, and that she had rented a house so that she would have a place to go to, as the rest of the family were doing all they could to get her out. The respondent had libellant arrested for non-support, but the case was dismissed on the libellant agreeing to pay alimony pendente lite. WEAND, J., entered the following decree:

And now, to wit: December 8, 1896, the examiner having returned to the court here the depositions taken by him on the part of the libellant, and the same being read and heard by the court, and the court, after mature and solemn deliberation, being satisfied therewith, and proclamation being duly made in open court for Esther Rosenberry, the respondent, to come forth, and she not appearing, the said court do now order, decree, and adjudge that the said Jesse G. Rosenberry, libellant, be divorced and separated from the bonds of matrimony contracted with the said Esther Rosenberry, and that all and every the duties, rights, claims and privileges accruing to either of said parties by reason of said marriage shall henceforth cease and determine, and the said parties be severally at liberty to marry again in like manner as if they had never been married.

*Error assigned* was decree of the court.

*Wm. F. Dannehower*, for appellant.—There was no wilful and malicious desertion by respondent: Ingersoll v. Ingersoll, 49 Pa. 249. The mere fact that parties are living apart does not even raise a presumption: 5 Am. & Eng. Ency. of Law, 799.

Ejecting respondent from libellant's boarding house where she

would not be admitted, were equivalent to locking the doors against her: Grove's App., 37 Pa. 443.

If the husband desired his wife's presence after having broken up her house without consulting her, it was his duty to have said so: Angier v. Angier, 63 Pa. 450.

That party is the deserter who has the intent to desert, no matter which one leaves the matrimonial home: Palmer v. Palmer, 22 N. J. Eq. 88; Graham v. Graham, 153 Pa. 450; Skean v. Skean, 33 N. J. Eq. 148; Hardie v. Hardie, 162 Pa. 227.

Personal abuse and indignities offered by a wife to her husband will not justify him in turning her out of doors, he must show such cruel and barbarous treatment as renders his condition intolerable and life burdensome, or "endangering his life," such as would entitle him to a divorce: Gordon v. Gordon, 48 Pa. 226; Detrick's App., 117 Pa. 452; Dailey's App., 10 W. N. C. 420.

Libellant's arrest for desertion is also evidence to be considered by the court: Bauder's App., 115 Pa. 480.

When each party has a cause for divorce, neither can obtain relief: 5 Am. & Eng. Ency. of Law, 824.

If it should be shown in any case that the application is not, in fact, based upon the grounds stated, but that the causes set forth are merely to advance a scheme or trick to make out a technical case to sever the bonds of matrimony, no court would permit the application to be successful: Angier v. Angier, 63 Pa. 450.

Where a husband calculating and practicing upon the idiosyncrasies of his wife designedly goads her to a separation for the purpose of making it the ground for an application for divorce, he will be treated as consenting to a separation, and a divorce will not be decreed: Romich v. Romich, 12 Lanc. 134.

*N. H. Larzelere,* with him *M. M. Gibson,* for appellee.— Appellant should have taken her appeal to the Superior Court.

The proceedings in the quarter sessions is not a bar to an action for divorce: Bealor v. Hahn, 117 Pa. 169; Van Dyke v. Van Dyke, 135 Pa. 468.

The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other: Bealor v. Hahn, 117 Pa. 173; Van Dyke v. Van Dyke, 135 Pa. 465; Raver v. Raver, 1 Dist. Rep. 177.

PER CURIAM, February 22, 1897 :

The learned court below granted the decree of divorce in this case upon a consideration of all the testimony in the cause, upon matters which developed only questions of fact. The decree should not be disturbed unless upon a reading of the testimony we should be satisfied that an erroneous conclusion was reached. After having patiently read and considered all of the testimony we are of opinion that the decree of divorce was properly rendered. An appeal from a decree of divorce may be taken directly to the Supreme Court.

Decree affirmed and appeal dismissed at the cost of the appellant.