Duchossois *v.* Duchossois, Appellant.

Argued October 6, 1939.

2

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

*E. C. Shapley Highley,* of *Highley & Semans,* for appellant.

*Jacob Weinstein,* with him *Ellis Rudman,* for appellee.

OPINION BY HIRT, J., January 30, 1940:

In 1934 libellant filed his libel in divorce charging cruel and barbarous treatment, indignities to the person, and desertion. A decree was entered on the charge of indignities alone.

The parties were married on February 17, 1931. Their acquaintance was of long standing and for four or five years they had been engaged to be married at an indefinite date in the future. They had been intimate and the marriage was precipitated by the discovery that the respondent was pregnant. She, for 16 years had been employed as a stenographer or secretary; the libellant conducted a small radio service business. On the assumption that the time of the marriage was in-

opportune, and that libellant was unable financially to furnish a separate home, the wife went to live with her husband in the home of libellant's parents sharing with them a four room apartment suitable only for one small family. The parties occupied a bedroom off the kitchen with the joint use of the dining room and parlor. One of these rooms however, was used by the parents as a bedroom. The child was born on July 28, 1931.

Libellant testified that following the marriage respondent immediately embarked upon a course of almost continuous complaints, fault finding and nagging, with periods of ignoring him completely; that she on occasion slapped him or shoved him about; that her attitude grew into one of settled hatred; that she was abusive in her language and used opprobrious expressions in talking to him and in referring to him in conversation with others; that she expressed regret at having married him and frequently threatened to leave; that she persisted in this conduct after, as well as before the child was born. She finally did leave libellant on September 10, 1931, the date of final separation. There is corroboration in the testimony of one witness who visited the household almost daily to the effect that many times the respondent said that she hated her husband and that on several occasions she struck him with her hand and in general displayed bad temper. On the other hand a neighbor who visited them weekly observed nothing improper in respondent's attitude except on one occasion after the separation when she struck her husband during an argument over the custody of the child.

We agree that the testimony is wholly insufficient to sustain the charge of cruel and barbarous treatment. As to desertion, the testimony is that the separation at its inception was by arrangement between the parties and that later, the respondent indicated that she did not intend to return. Refusal to return is desertion

4

(*Rosenberry v. Rosenberry*, 180 Pa. 221, 36 A. 706) but the refusal to return to live in the household with libellant's parents cannot be so construed: *Rood v. Rood*, 117 Pa. Superior Ct. 291, 178 A. 173; *Burns v. Burns*, 84 Pa. Superior Ct. 489. The obligation of the husband is to set up a separate home for his wife and before she can be charged with desertion following her withdrawal there must be a refusal of a bona fide request from the husband that she return. *Trussell v. Trussell*, 116 Pa. Superior Ct. 592, 177 A. 215. Though libellant testified that he offered to set up a home separate from his parents yet the testimony as a whole supports the conclusion of the master and of the court that the offer was not made in good faith.

The question of the propriety of the decree of divorce entered on the ground of indignities, involves an appraisal of the weight of the testimony and the credibility of the witnesses.

Though the respondent was treated kindly by the parents and was relieved from most of the housework yet the living quarters were crowded and the discontent of the respondent to a great extent must be attributed to conditions under which she was obliged to live. They were not conducive to her comfort, welfare and peace of mind. *Rood v. Rood*, supra. In many instances libellant's testimony is general in character and does not describe the particular acts upon which his conclusions are based. The court must be informed as to what the respondent has done, not what the witness concludes. *Conrad v. Conrad*, 112 Pa. Superior Ct. 198, 170 A. 342. There are also, a number of other circumstances which go to the credibility of libellant and weight of his testimony. He testified that after the marriage he was employed by his father with earnings of not more than $20 a week and for that reason it was necessary that they live with his parents. He denied that he was the owner of the radio business. The credi-

ble evidence on the contrary is that the business was his and that he had made a report to a credit reporting agency showing net assets in a substantial amount. His financial resources were a material subject of inquiry because of the testimony that he could not afford a separate home and his wilful perversion of the truth in this respect casts doubt upon his testimony as a whole. Moreover the weight to be given his testimony as to the character and continuity of the alleged indignities is materially reduced by his failure to call his parents as witnesses or to advance a reason for not calling them. They of all people knew the true relationship of the parties and their conduct toward each other. From his failure to call these witnesses who presumably were the best informed on the subject of investigation, the inference is that their testimony would not sustain the charges, *Green v. Brooks,* 215 Pa. 492, 64 A. 672.

The indignities charged by libellant are denied by the respondent and she testified to instances of provocative behavior on his part. From all of the evidence including the medical testimony the inference is reasonable that respondent was not wholly responsible for her emotional disturbance during her pregnancy nor during her illness after the birth of the child. To the extent that her conduct was involuntary and was induced by her physical condition she is excused, *Crock v. Crock,* 96 Pa. Superior Ct. 377.

After considering all of the evidence in this voluminous record as we are bound to do, we are convinced that the charge of indignities is not sustained by a preponderance of evidence amounting to clear and satisfactory proof justifying a divorce on the ground of indignities, *Smith v. Smith,* 112 Pa. Superior Ct. 210, 171 A. 125.

The decree is reversed and it is ordered that the libel be dismissed at the costs of appellee.