## Esenwein *v.* Esenwein, Appellant.

Argued May 9, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*James Grove Fulton,* with him *Alter, Wright & Barron,* for appellant.

*William J. Kenney,* with him *Fred C. Houston,* for appellee.

OPINION BY PARKER, J., October 4, 1940:

The respondent in this action in divorce has appealed from a decree of a court of common pleas granting an absolute divorce to libellant for wilful and malicious

desertion by the wife. We are required, since there was not a jury trial, to examine all the evidence de novo and reach an independent judgment on the issue: *Fay v. Fay*, 27 Pa. Superior Ct. 328, 334; *Middleton v. Middleton*, 187 Pa. 612, 41 A. 291. After a careful examination of the record we are all of the opinion that the decree must be reversed.

The libellant fixed the date of desertion as March 8, 1934. The parties were married November 22, 1899, and have two children now above thirty-five years of age. Their marriage relations have not been agreeable or marked by domestic felicity. In November, 1919, the libellant left his wife and shortly thereafter brought an action in divorce alleging indignities to the person and cruel and barbarous treatment. Due to delays of the libellant, the case was not ready for a hearing for more than ten years. A decree was entered in his favor in common pleas for indignities but was reversed by this court (105 Pa. Superior Ct. 261, 161 A. 425) and the libel was dismissed. Our order was affirmed by the Supreme Court on March 20, 1933 (312 Pa. 77, 167 A. 350). The parties have not lived together since 1919. After the termination of that divorce case, Mrs. Esenwein made information against her husband for desertion and nonsupport and received an order for the payment of $160 per month, later reduced to $130 and then increased to $150.

There were hearings on the nonsupport case in March, 1934, and March, 1939. The sole testimony produced by the libellant in the present case was to the effect that during the pendency of those proceedings for nonsupport offers were made by the husband to resume marital relations, which offers were refused by the wife. Although the husband's evidence in this respect was contradicted by the wife, we will assume that there was a fair preponderance of evidence tending to show that Mrs. Esenwein was asked by counsel for the libel-

lant at the hearing in 1934 whether she was willing to resume marital relations with her husband and she replied that she was not, and that at the 1939 hearing the husband made some kind of an offer to take her back and she declined the offer, saying in substance that he would not treat her properly. While these offers were in part denied by the wife and in part explained, the husband's testimony was corroborated by two witnesses which may have been sufficient to satisfy the court that the offers were made as related above. On the other hand, the wife testified that after the separation, at a time when their daughter had been very ill and was brought by the husband from a hospital to the wife's home, she asked him to remain and he refused. He had two opportunities to deny her invitation and he failed to contradict her statement in any respect.

Accepting his testimony, as corroborated, it was not sufficient to sustain a decree on the ground of wilful and malicious desertion. Esenwein left the common abode in 1919 and has not resumed cohabitation with his wife or made any move in that direction except as stated. He had made serious charges against his wife which he was unable to sustain. His sole excuse for leaving home was her alleged intolerable and cruel treatment. It was finally determined by the decision of the Supreme Court in 1933 that his allegations were not sustained. He was then in default and he has done nothing to correct his wrong. In fact, he was a deserter, thus placing an added burden on him in proving a wilful and malicious desertion by her. He failed to furnish satisfactory proof that he had made provision for a suitable home in which they would live. Viewed in a light most favorable to him it was a bare and bald offer to resume family relations unaccompanied by any evidence of sincerity.

The court is required to investigate the circumstances

for the purpose of ascertaining whether a mere formal offer to resume marital relations is made in good faith. So far as the evidence discloses, libellant never said a personal word to his wife indicative of a desire on his part to do what was necessary to resume the relations which he, by his unwarranted act, had broken off. He did not consult with her or talk to her. Such conduct does not indicate good faith: *Musgrave v. Musgrave,* 185 Pa. 260, 264, 39 A. 961. Also, see *Truitt v. Truitt,* 130 Pa. Superior Ct. 79, 197 A. 152. We believe all fair-minded persons will agree that if libellant was in good faith asking his wife to return he would have gone to her personally and indicated his desires and his willingness to do his part and that he would not have made his offer through counsel or at a hearing in court. It was also "incumbent upon him to show that he had, in good faith, provided a suitable home; otherwise, there could be no desertion": *Loughney v. Loughney,* 111 Pa. Superior Ct. 214, 219, 169 A. 460.

When such an offer is made as we have assumed was made here, it is for the court to determine whether it was made in due sincerity and with an intention bona fide to perform the marital duty: *Gordon v. Gordon,* 208 Pa. 186, 57 A. 525. The action of the libellant was not "an unequivocal step looking to a resumption of the family relation between them": *Weisbrod v. Weisbrod,* 103 Pa. Superior Ct. 267, 269, 156 A. 542.

So far as legal principles are involved, this case is on all fours with *Michell v. Michell,* 134 Pa. Superior Ct. 230, 3 A. 2d 955. It is unnecessary to repeat what was so well said there by Judge CUNNINGHAM and by Judge STADTFELD in *Peters v. Peters,* 138 Pa. Superior Ct. 534, 10 A. 2d 867. Those cases are controlling here. We are of the opinion that the libellant failed to furnish clear and satisfactory evidence showing a bona fide offer to resume marital relations.

Decree reversed at the cost of the appellee.