## Grier *v.* Grier, Appellant.

Argued October 11, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Samuel H. Rosenberg,* for appellant.

*Milford J. Meyer,* with him *Eugene J. Lewis,* for appellee.

OPINION BY HIRT, J., January 30, 1941:

The parties to this action were married on June 29, 1932. They separated February 4, 1934 when the respondent left the libellant and their common abode. The master recommended a divorce on the ground of desertion. Exceptions to the master's report were overruled and a decree was entered on that ground.

Since respondent left the libellant, a clear case of wilful and malicious desertion is made out (*Van Dyke v. Van Dyke,* 135 Pa. 459, 19 A. 1061) unless respondent is justified in the desertion by libellant's conduct toward her and only such conduct will justify a desertion as would have entitled her to a divorce had she sued for it. *Rosa v. Rosa,* 95 Pa. Superior Ct. 415. To justify the desertion, the burden is upon the respondent. *Scholz v. Scholz,* 113 Pa. Superior Ct. 359, 173 A. 761.

We have read and have carefully considered all of the testimony, and our conclusion, independent of the master's findings and of the opinion of the lower court, is that the desertion was not justified. There is nothing to be gained by a detailed review and analysis of the testimony. It follows a familiar pattern. This was a marriage of necessity and was contracted at an inopportune time because of that circumstance. We are unable to say that the home provided by the husband in a house owned by and shared with his aunt was unsuitable in view of the husband's small income and other circumstances. Moreover, a cold house, frozen

water pipes and a limited amount of food in the house, though good reasons for respondent's leaving, did not justify a desertion persisted in for more than two years after these conditions were remedied. There is credible evidence, which we accept, that libellant after the desertion frequently requested the respondent to return, though there was no legal duty upon him to seek a reconciliation. *Winner v. Winner*, 122 Pa. Superior Ct. 382, 186 A. 245. We are unable also to accept respondent's testimony of cohabitation and intercourse during the statutory period. In relating the alleged circumstances and the places, her testimony is vague and self-contradictory and is not entitled to credit. The testimony of other isolated acts of the libellant, even if believed, do not rise to the degree of proof required to justify the desertion. Confirmation of these conclusions may be found in the report of the master which is entitled to full consideration where, as here, the credibility of witnesses is involved. *Snyder v. Snyder*, 141 Pa. Superior Ct. 533, 15 A. 2d 383.

We are of the opinion that in the testimony of libellant there is clear and satisfactory proof of a wilful desertion (*Rinoldo v. Rinoldo*, 125 Pa. Superior Ct. 323, 189 A. 566) and that respondent has not met the burden of proof upon her to justify it.

Decree affirmed.