## Hyder *v.* Hyder, Appellant.

Argued April 17, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, HIRT and KENWORTHEY, JJ.

*J. Howard Smith,* with him *Smith & Maine,* for appellant.

*William C. Chase,* for appellee.

OPINION BY HIRT, J., July 23, 1942:

The lower court, concurring in the master's view that the charge of desertion was sustained, granted a divorce. There was a separation by consent, and the question here is whether the husband in good faith, with the intention of providing a proper home, requested the wife to return. The answer depends largely upon the credibility of the witnesses, and though on this question, the report of the master is entitled to full

528

consideration (*Grier v. Grier,* 143 Pa. Superior Ct. 463, 17 A. 2d 655), we are unable to agree with the master's conclusions or with those of the lower court; our independent examination of the record convinces us that the decree cannot be sustained.

The respondent was employed as a school teacher with the right to continued employment by renewals of her contract. She became pregnant by the libellant and. they were married on August 1, 1934; the child was born six months later. She resigned her position with the school district upon marriage. Libellant did not provide a home but established his wife in his bedroom in a small hotel property in Houtzdale owned by his parents. His family occupied the entire second floor of the hotel as their home and though · respondent nominally became a member of the family, the attitude of libellant's three sisters, who managed the home, was little more than toleration. With the consent of libellant the wife returned to the home of her parents four months after the marriage and though marital relations continued intermittently, until January 1935 according to the libellant, and until September 1938 according to respondent, she has lived apart from her husband in the home of her parents continuously since the separation.

There is nothing in the record to indicate that this was an unfavorable marriage from libellant's viewpoint. Respondent is intelligent and except for her relations with libellant before their marriage, there is nothing in the evidence questioning her good reputation or her character. Libellant had affection for his wife and for their child and if he had emancipated himself from the influence of his family and from the service of his parents, the marriage would have had good chance for success. He was content to work for his mother in her retail store and with the small wage which she paid him. During the five years of

the separation he contributed a total of not more than $200, according to his testimony, for his wife's support and that of the child. Respondent said that the total received throughout the period did not exceed $45.

We do not doubt libellant's testimony that he frequently requested his wife to return to the hotel to live with him there in the home of his parents. But libellant's obligation was to set up a separate home for his wife, and her refusal to return to the hotel, under the circumstances, did not constitute desertion. *Duchossois v. Duchossois,* 139 Pa. Superior Ct. 1, 10 A. 2d 824.

Libellant testified that he offered to provide a separate home. This is denied by respondent but even if the offers were made, the circumstances show lack of good faith in making them. He continued to work for his mother and by his own testimony could not afford to pay more than $2 a week for the support of the child, though there is no evidence that he assumed any other financial responsibility. He did not seek new employment which would supply the means to maintain a home and he could not support a family on the wages which he then earned. His offers at best, were vague. He said that 'three or four times' he 'offered to take up housekeeping somewhere else' and 'she refused.' That is the extent of his testimony; he was unable to fix the dates of his offers and he did not say where he intended to establish a home. He did, however, testify that all of the offers were made in his mother's store on the occasions when respondent went there to see him; it is significant that he never sought her out to effect a reconciliation. If he, in sincerity and good faith, wanted his wife to return to him and was willing to provide a proper home for her and their child, it is reasonable to assume that he would have taken the initiative in the attempt to accomplish that result. Cf. *Esenwein v. Esenwein,* 141 Pa. Superior Ct. 604, 15 A. 2d 735.

In addition, there is testimony of the mother that shortly after the birth of the child she told respondent, in the absence of her son, that she was willing to supply a specific house in the community which was then vacant and available, and to furnish it. Respondent denied that the offer was made. Even so, there was no obligation on respondent to accept it, for the mother owed no duty to her. Other circumstances question the mother's good faith in the alleged offer of assistance in the establishment of a home. The entire third floor of the hotel property was vacant; it apparently was not operated to any extent as a going business. Respondent had expressed a willingness to live with her husband if a number of rooms sufficient for a separate apartment were made available on the third floor of the hotel. The mother probably could have provided such apartment at less expense to her than the cost of renting a separate house. There is no evidence of an offer of separate living quarters in the hotel.

From the testimony as a whole we are unable to find evidence of an 'unequivocal step [by libellant] looking toward a resumption of their marriage relations'. This is essential; an offer of reconciliation must be made in sincerity and in good faith and not merely for the purpose of laying a foundation for an action. *Jones v. Jones,* 144 Pa. Superior Ct. 372, 19 A. 2d 480; *Klaus v. Klaus,* 147 Pa. Superior Ct. 189, 24 A. 2d 33. The burden was upon libellant of proving a bona fide offer by clear and satisfactory evidence. *Duchossois v. Duchossois,* supra. This burden has not been met.

Decree reversed and libel dismissed at the cost of libellant.