## Presser v. Presser

*J. S. Jiuliante*, for libellant.

*Brooks, Curtze & Silin*, for respondent.

KITTS, P. J., June 22, 1943.—The master in his report has submitted to the court a question for decision, viz:

### Question certified

"In an action of divorce wherein the libellant has satisfactorily proved that the respondent offered indignities to his person making his condition intolerable and his life burdensome and, as an affirmative defense, the respondent offers testimony to prove that the libellant is not an 'injured and innocent' spouse, who has the burden of proof? If the evidence is in equilibrium on the issue of the libellant's 'innocence', does the libellant's case fall or does the respondent's defense fall?"

*Master's recommendation*

"I. If the answer of the court to the question certified is that the libellant carries the burden of establishing that he is the innocent spouse, the master recommends that the libel be dismissed and the libellant's application for a divorce denied.

"II. If the answer of the court to the question certified is that the non-innocence of the libellant is a matter of affirmative defense to establish which the respondent carries the burden of proof, the master recommends that a decree of absolute divorce be granted to the libellant."

There is no conflict in the appellate court decisions on this subject—it has been ruled many times that, in order to entitle libellant to a divorce on the ground of cruel and barbarous treatment or indignities to the person, the libellant must establish his or her right thereto by clear and satisfactory evidence. At least, there must be a fair preponderance of evidence in favor of the libellant. But where both parties are nearly equally at fault so that neither can clearly be said to be "the injured and innocent spouse", the law will grant a divorce to neither but will leave them where they put themselves. In the case of Daly v. Daly, 137 Pa. Superior Ct. 403, this principle is plainly established, and this case cites other decisions of both the Superior and Supreme Courts which we deem unnecessary to enumerate at this time.

In cases of desertion, where the respondent attempts to justify the separation, the burden of proof passes to the respondent to show by clear and satisfactory evidence that the respondent would have been entitled to a divorce on the ground of cruel and barbarous treatment or indignities to the person, either one or both, had such application been made by the respondent, of course, as a libellant.

There is no use of confusing a desertion case with the instant case, as the rule is somewhat different. However, it was held in Andrew v. Andrew, 143 Pa. Supe-

rior Ct. 68, at page 70: "A spouse is justified in withdrawing from the family relation where the cause is such as would sustain a dissolution of the marriage bond if application were made therefor. *Secor* v. *Secor*, 126 Pa. Superior Ct. 561"; and the court went on to say: "Under similar circumstances, we have frequently held that the burden devolved on respondent to justify her action in leaving libellant"; and cited, following this, several important cases.

In a recent case, Grier v. Grier, 143 Pa. Superior Ct. 463, the Superior Court, speaking through Judge Hirt, ruled that the burden is upon the respondent to justify the desertion. To the same effect is Thomas v. Thomas, 133 Pa. Superior Ct. 12.

While this court must make an independent decision on the testimony, we have confidence in the master. He says in his report, inter alia, that "Due to the inability of the master to place much faith in the testimony, not only of the parties, but of the witnesses as well, it is not possible for the master to form a definite conclusion as to which party's wrongful conduct first provoked the other party into wrongdoing. In other words, the master is unable to determine which, if either, of the parties is the 'innocent spouse' ".

In another part of his report, the master states, in effect, that the preponderance of the evidence is in equilibrium, but fell into slight error in asking the court to rule upon the submitted question, as we contend there is no conflict in the decisions and that a desertion case has not the same bearing as the instant case.

We are firmly of the opinion that this case would not stand up in the Superior Court, but if the divorce were granted by us it would promptly be reversed. Therefore, in view of the foregoing, we make the following

### Order

Now, to wit, June 22, 1943, decree refused and the libel is dismissed; the libellant to pay the costs of this proceeding.