Commonwealth ex rel. Koehler *v.* Koehler, Appellant.

Argued September 26, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Roland J. Christy,* with him *Erich O. Angermann,* for appellant.

*Gilbert P. High,* with him *Bernard E. DiJoseph,* Assistant District Attorney, *J. Stroud Weber,* District Attorney and *High, Swartz, Flynn & Roberts,* for appellee.

OPINION BY ROSS, J., November 15, 1951.:

This is an appeal by a husband from an order against him for support of his wife.

The parties were married on July 11, 1942, it being the second marriage for each, and lived together until January 12, 1951, when the husband left. Later he agreed to pay his wife $25.00 a week and did so for three weeks. When he discontinued further payments this action was instituted. After hearing, the court made an order of $15.00 a week and the husband took this appeal. He does not question the amount of the order but contends that *no* order for *any* amount should have been entered against him.

He first contends that his wife is not entitled to a support order because she "ordered" him out of the house, which she owned. This the relatrix denies and she is corroborated by her son by the former marriage. At the trial, in response to an inquiry as to whether she was willing to have the appellant return to the marital domicile, the wife replied that she was not. The only legal reason that would justify the (any) husband from supporting his wife is reason that would entitle him to divorce. *Com. v. Henderson,* 143 Pa. Superior Ct. 347, 17 A. 2d 692; *Com. ex rel. Myerson v. Myerson,* 160 Pa. Superior Ct. 432, 51 A. 2d 350. Clearly there is nothing in this record that would entitle the appellant to a divorce. Consequently there is no merit in this contention of appellant.

He next contends that since he offered *at the trial* to return to the marital domicile he thereby absolved himself from liability for support of his wife. His offer to return involves the issue of his good faith in making such offer, and the trial judge, in resolving this issue against the appellant, stated: "Bona fides is the fundamental test which every offer of reconciliation must survive. When the parties are estranged by financial matters and the husband's drinking, and the husband at a non-support hearing for the first time publicly offers to return, such offer can well be said to be a stratagem or a technical expedient to defeat a support

order. He should not be allowed by the magic of a few words, without some other evidence of their frankness and of his genuine and sincere intention to remove the cause of the disagreement, to avoid an order for support under such circumstances. We were not impressed by the bona fides of the husband's offer to return, and therefore made a rather modest order for support."

A judge who sees and hears the witnesses in a case such as this is in a better position than we are to decide the issue on its merits, and our function on appeal is merely to determine whether the lower court is chargeable with an abuse of discretion. *Com. ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 228, 57 A. 2d 720; *Com. ex rel. Geiger v. Geiger,* 167 Pa. Superior Ct. 26, 74 A. 2d 739. From our examination of the record we find no abuse of discretion in this case.

Order affirmed.