Commonwealth ex rel. Beckham, Appellant, *v.* Beckham.

Argued March 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Alexander Osinoff,* with him *Jon Grossman,* for appellant.

*Lewis Tanner Moore* and *Moore, Lightfoot & Edley,* for appellee.

OPINION BY HIRT, J., April 16, 1958:

The parties to this support proceeding were married in 1912. He is now 81 years of age and she, 68. Four children were born of the marriage—two sons and two daughters—all of whom are adult and self supporting. The defendant left his wife in the spring of 1940 under circumstances which definitely suggest that the separation was consensual. The wife now makes her home with her son John, and his daughter, and keeps house for them for which service she receives, from the son, food, clothing, shelter and spending money of $10 to $20 per month. She has no property and no other income. Defendant suffered a stroke in 1954, with some resulting paralysis and since leaving the Veterans' Administration Hospital in March 1955, has had no earning capacity. He owns a house on Eighty-third Street in Philadelphia from which he has an income from rents of $38 per month for the first floor and $5 per week, intermittently, from an uncle, for a room on the second floor. Defendant lives in the two remaining rooms. He supplies heat for the entire premises. His other income, received monthly, con-

sists in a World War One disability pension of $108, and $30 in Social Security benefits. Out of this income he is obliged to make monthly payments of $30 on a mortgage of $1,900 of record against the above real estate. He pays $45 each month to a Mrs. Covington for his meals and washing. And he testified that medical service and medicines cost him $10 to $12 per week. He is paying $33 per month on the cost (the amount of which does not appear) of a structural change made in his house and he owes a balance of $190 on a heater which he had installed. After hearing, the lower court made an order on defendant in the nominal sum of $2 per week, "based upon his meagre financial means" principally for the purpose of adjudicating the status of defendant in relation to his legal obligation to support his wife.

The defendant here did not meet the burden on him of proving conduct on the part of relatrix that would have supplied him with a valid ground for divorce, which under the settled law (Cf. e.g., *Com. ex rel. Davidoff v. Davidoff,* 178 Pa. Superior Ct. 549, 115 A. 2d 892) would have been a complete defense to the action. And the fact that the separation of the parties was consensual did not relieve him from liability for the support of his wife. *Commonwealth v. Sincavage,* 153 Pa. Superior Ct. 457, 34 A. 2d 266; *Com. ex rel. Davidoff v. Davidoff,* supra. But there are limitations on the extent to which a husband may be compelled to provide support for his wife. When a husband has separated himself from his wife the Act provides for such order upon the husband *"being of sufficient ability"* as the court shall think reasonable and proper for her support.[1] The purpose of §733 of the

---

[1] Criminal Code of June 24, 1939, P. L. 872, §733, as amended, 18 PS §4733.

Act is to secure a reasonable allowance for the support of the wife but only to the extent that it is consistent with the husband's property, income, and earning capacity. *Commonwealth v. Greene,* 173 Pa. Superior Ct. 315, 98 A. 2d 202. Accordingly although legally liable for support of his wife, an order may be entered against a husband only if he has sufficient financial ability to meet it. The record here does not disclose the worth of defendant's equity in his single piece of real estate but from the rental income it may be taken to be of comparatively small value. Under the circumstances it appears that defendant is doing well to support himself; in any view, in the light of his limited resources we find no abuse of discretion in the order. *Com. ex rel. Weible v. Weible,* 159 Pa. Superior Ct. 290, 48 A. 2d 161.

Order affirmed.

