## Hyle *v.* Hyle, Appellant.

Argued September 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Irving I. Erdheim,* with him *Charles L. Frank,* for appellant.

*C. Friedberg,* for appellee.

OPINION BY WRIGHT, J., November 14, 1958:

This proceeding originated in New York City on January 24, 1958, upon the petition of Vera Hyle for an order of support against her husband, Ralph M. Hyle, under the Uniform Support of Dependents Law of the State of New York. The purpose of this statute in enforcing the duty to support is the same as that of our Uniform Enforcement of Support Law. Act of May 10, 1951, P. L. 279, 62 P.S. 2043.1 et seq. See *Commonwealth ex rel. Kreiner v. Scheidt,* 183 Pa. Superior Ct. 277, 131 A. 2d 147. The proceeding was transmitted to the Court of Quarter Sessions of Schuylkill County, Pennsylvania, and filed in that court on

February 19, 1958. After hearings on June 16, June 30, and July 7, 1958, at which both parties appeared in person and by counsel, the court below, on August 1, 1958, entered an order directing Ralph M. Hyle to pay to his wife for her support the sum of $230.00 per month. This appeal followed.

The parties were married on August 31, 1935, and have no children. The wife is aged 50 years and the husband is 54. Their last marital domicile was in New York City, where the wife still resides. In June 1950, appellant took a government position in Washington, D.C. He continued to correspond with and support his wife until the latter part of February 1951. The following week the wife was served with notice of a divorce action in Lycoming County, Pennsylvania. She contested the action and it was eventually withdrawn. In the meantime the wife instituted a support action in the United States District Court for the District of Columbia. On May 27, 1953, that court entered an order directing appellant to pay support to his wife in the amount of $200.00 per month. In 1954, appellant filed another divorce action in Washington, D.C. This action was also contested and eventually withdrawn. The support order entered by the court in Washington was complied with until December 1957, when appellant discontinued payments, and the present action ensued.

The statement of the questions involved, as submitted by appellant, is as follows: "1. Is a wife, who for eight years, uniformly and arbitrarily refuses to accompany her husband to various new suitable marital homes, entitled to support? 2. Can a wife, seeking a support order, reject her husband's bona fide reconciliation offer in open Court, with impunity?" No question has been raised, nor could there well be on this record, with regard to the amount of the order.

The statutory purpose of support laws is to secure a reasonable allowance consistent with the husband's property, income, and earning capacity. See *Commonwealth ex rel. Beckham v. Beckham,* 186 Pa. Superior Ct. 74, 140 A. 2d 471. The only legal cause which will justify refusal of support is conduct on the part of the wife which would constitute valid ground for divorce: *Commonwealth ex rel. Mandell v. Mandell,* 184 Pa. Superior Ct. 179, 133 A. 2d 235. Our duty is to determine whether there is sufficient evidence to sustain the order of the hearing judge: *Commonwealth ex rel. Lipschultz v. Lipschultz,* 179 Pa. Superior Ct. 527, 117 A. 2d 793; *Commonwealth v. Cooper,* 183 Pa. Superior Ct. 36, 128 A. 2d 181. The credibility of the parties is within his province, *Commonwealth ex rel. Kolbe v. Kolbe,* 186 Pa. Superior Ct. 256, 142 A. 2d 365, and we will not interfere with his determination unless there has been a clear abuse of discretion: *Commonwealth ex rel. Spielvogel v. Spielvogel,* 181 Pa. Superior Ct. 61, 121 A. 2d 886; *Commonwealth ex rel. Nicosia v. Nicosia,* 184 Pa. Superior Ct. 440, 136 A. 2d 135.

Appellant argues that the husband's choice of a home, exercised in good faith, is controlling, that it is the duty of his wife to abide by his decision and live with him, and that her failure to comply with this duty renders her guilty of desertion. See *Barnes v. Barnes,* 156 Pa. Superior Ct. 196, 40 A. 2d 108; *Sacks v. Sacks,* 172 Pa. Superior Ct. 543, 94 A. 2d 147. Unfortunately for appellant, the lower court found that the wife was not guilty of desertion, and the record clearly supports this finding. After the husband moved to Washington, D.C., the parties exchanged letters for approximately eight months. Appellant at first asserted that his letters contained invitations to the wife to come and live with him. However, at the

hearing it was developed that the letters were at most invitations to "see the town". Appellant then conceded that there were no letters inviting his wife to set up a home. It is significant that, immediately following the cessation of correspondence, appellant instituted in Lycoming County an action for divorce in which there was originally no charge of desertion. Similarly, in his subsequent Washington divorce action appellant did not aver desertion, but stated in his complaint that "the parties voluntarily agreed to separate". See *Commonwealth v. Sincavage*, 153 Pa. Superior Ct. 457, 34 A. 2d 266. The wife testified that, following the separation in 1950, her husband never requested her to live with him or resume marital relations, and President Judge PALMER was fully warranted in giving credence to her testimony.

Appellant also relies on an offer of reconciliation made in open court during the hearings. He contends that he is relieved from the obligation of support because his wife rejected this offer. See *MacDonald v. MacDonald*, 108 Pa. Superior Ct. 80, 164 A. 830; *Waggner v. Waggner*, 112 Pa. Superior Ct. 382, 171 A. 102. However, the wife's testimony clearly indicates that she was not convinced of the sincerity of the offer. She properly made a point of the fact that she was suspicious of her husband's good faith because of his "humiliation" of her during the preceding eight years. "The court is required to investigate the circumstances for the purpose of ascertaining whether a mere formal offer to resume marital relations is made in good faith": *Esenwein v. Esenwein*, 141 Pa. Superior Ct. 604, 15 A. 2d 735. The hearing judge found "that the offer was not bona fide", and again the record clearly supports this finding. As in the *Esenwein* case, "it was a bare and bald offer to resume family relations unaccompanied by any evidence of sincerity".

The following excerpt from our opinion in *Com. ex rel. Koehler v. Koehler*, 170 Pa. Superior Ct. 117, 84 A. 2d 253, is particularly appropriate: "He next contends that since he offered *at the trial* to return to the marital domicile he thereby absolved himself from liability for support of his wife. His offer to return involves the issue of his good faith in making such offer, and the trial judge, in resolving this issue against the appellant, stated: 'Bona fides is the fundamental test which every offer of reconciliation must survive. When . . . the husband at a non-support hearing for the first time publicly offers to return, such offer can well be said to be a stratagem or a technical expedient to defeat a support order. He should not be allowed by the magic of a few words, without some other evidence of their frankness and his genuine and sincere intention to remove the cause of the disagreement, to avoid an order for support under such circumstances' ".

Order affirmed.