## Commonwealth ex rel. Bassion v. Bassion

*Irwin Paul,* for petitioner.
*George Gershenfeld,* contra.

KALLICK, J., July 2, 1962.—The matter before us is defendant's petition to reduce the amount of a support order entered against him in this court. After a rather lengthy hearing before us, and upon consideration of the full record, we entered an order on November 14, 1961, "that the defendant, Harry Bassion, pay the sum of Ninety ($90) Dollars per week for the support of his wife, Mae Bassion, and his daughter, Susan. It is further ordered that from this sum the wife, Mae Bassion, is to pay all taxes, utilities and cost of repairs on premises, 431 E. Durham Street, Philadelphia." By agreement, and with the court's approval, this order was amended on January 24, 1962, to read $80 per week for said wife and one child.

The present petition to reduce was filed on March 20, 1962, and the matter was heard before us on April 3, 1962. While other issues regarding the custody of the two children born of this marriage were also heard and disposed of at this hearing, we are advised by counsel that defendant's appeal is from the court's action on the question of the reduction of the support order only. It is incumbent upon us, therefore, to explain only the reasons which moved us to reduce the order to $70 a week for wife and one child, Susan." It is the defendant who is appealing this case and he bases his case on the contention that there should have been a greater reduction.

The established practice in Pennsylvania has not been to regard support orders as final. That this court, in the use of its sound discretion, has the power to alter, change, modify, vacate, reduce or increase an order of support previously entered where a change in circumstances is proved, is now established by statute (Act of June 19, 1939, P. L. 440) and by a long line of authorities.

The chief test in any case, whether it be to reduce or increase, remit or vacate, is the changed status of the bread winner since the time of the entry of the last order against him. The burden of proof in each instance rests upon petitioner. The party seeking to modify a support order has the burden of showing by competent evidence such a change in conditions as will justify modification. In the present case, therefore, the reduction in the said order of $80 per week must be predicated upon our determination of the question whether or not defendant has proved an appreciable and permanent change in his circumstances since the order was last entered on November 14, 1961, and reduced by agreement on January 24, 1962.

We regret to say that the evidence on this point is not too illuminating. Defendant is an equal partner with one Al Cohen in the juvenile furniture business. It is hinted that because of a fire sometime before September of 1961, and a general depression in the juvenile furniture industry, defendant's business has fallen off considerably. Yet defendant's expert witness, a certified public accountant, explaining a quarterly (or a four-month) statement of the partnership ending December 31, 1961, evidences sales activity and earned profits. Defendant contends that all in all his earnings do not at present exceed approximately $100 a week, and that $80 per week, or even $70 is unreasonable and out of proportion to his earnings. Defendant's counsel suggests $50 a week as a fair and just order under the circumstances.

We have taken all of defendant's evidence into consideration and we regret we cannot give it full credibility. Although we had serious doubts that defendant was giving the court the true and full picture of his business and financial status, we took into consideration some of the circumstances that might have slightly affected (and somewhat lowered temporarily) his in-

come. His potential earning abilities remain constant and we believe can be improved. Defendant is an accountant, an equal one-half owner of a going business, and who to date has been able to acquire real estate and other assets. We gave defendant the benefit of the doubt and, considering all of the record, we believe that the credible evidence does not warrant a greater reduction than what we allowed. Accordingly, we reduced the order from $80 to $70 a week. Out of this reduced sum, plaintiff wife must not only support herself and daughter, but also, as heretofore, take care of her residential property, owned jointly by her and defendant by entireties, i.e., to pay the carrying charge thereon, such as taxes, water and sewer rents, heating utilities, etc.

After hearing all the testimony, we stated our reaction thereto at the conclusion of the trial: ". . . I am not convinced that the testimony produced here in all the hearings reflects the true income of Mr. Bassion, and I believe that that, together with his potential, would warrant me in maintaining the order at a substantial level." It has been held long ago that in passing upon the facts, the trial judge is not bound to accept as true the statements of defendant, but may make his own deductions from the evidence and attending circumstances: Commonwealth ex rel. Elgart v. Elgart, 137 Pa. Superior Ct. 418.

The purpose of the support laws is not to punish a husband for his dereliction in failing to support his family; it is rather to secure such allowance for the family's support as is reasonable, having in view his ability to pay as evidenced by his property, income and earning capacity: Commonwealth v. Schaffer, 175 Pa. Superior Ct. 100, 103 A 2d. 430 (1954) ; Hyle v. Hyle, 188 Pa. Superior Ct. 20, 145 A 2d. 889 (1958).

The wife's right to support (and that of the child) has already been established and the amount of the order determined by and predicated upon the evidence

adduced at the first hearing. From this there has been no appeal. "In the absence of an appeal, the first order becomes res judicata, and is subject to future modification only upon proof of a subsequent material change in conditions and circumstances: Commonwealth ex rel. D'Alfonso v. D'Alfonso, 181 Pa. Superior Ct. 71, 121 A 2d. 900. See also Commonwealth ex rel. Johnson v. Johnson, 181 Pa. Superior Ct. 172, 124 A 2d. 423": Commonwealth ex rel. Kreiner v. Scheidt, 183 Pa. Superior Ct. 277, 131 A 2d. 147 (1957).

Comparing the evidence adduced at the first trial with that of the second, we can find very little change in defendant's financial status. We believe the earning capacity of defendant to be the same as it was before, and his income not appreciably decreased, if at all. He is still in the same manufacturing business which, apparently is conducted on as sound and profitable a basis as heretofore. He lives in a duplex apartment, 1554 E. Walnut Lane, from which he gets some income; enough to allow him to occupy a rent-free residence at any rate. This apartment also is owned jointly by husband and wife, and although defendant minimizes his income from accounting, we believe that he is capable and does pursue this "avocation" with more gain than he is willing to admit in this proceeding.

All in all, we believe the credible evidence and the circumstances here do not warrant a greater reduction than that which we allowed. We took cognizance of the recognized and established rule that a support order must be fair and not confiscatory since the purpose of support is welfare of family and not punishment (Commonwealth ex rel. Bush v. Bush, 170 Pa. Superior Ct. 382); that it must be reasonable and proper under all the circumstances; and the property, income, earning capacity of both parties should be given consideration (Commonwealth v. Bicking, 163 Pa. Superior Ct. 454; Commonwealth v. George, 358

Pa. 118) ; that it must be consistent in amount with husband's income and station in life (Commonwealth ex rel. Rankin v.Rankin, 170 Pa. Superior Ct. 506).

For the above reasons, we believe that if the so-called changed circumstances warrant a reduction at all, the credible evidence calls for such reduction in a relatively small amount. We, therefore, reduce the order to $70 a week for wife and child, the wife to continue to pay out of this amount the carrying and utility charges on the residence she occupies as heretofore.