## Department of Public Welfare v. Snyder

*John L. Geiser; Litke, Gettig, Flood & Geiser,* for plaintiff.

*Richard L. Campbell; Miller, Kistler, Lee & Campbell,* for defendant.

CAMPBELL, P. J., July 8, 1968.—We are asked to adjudicate the issue in this case from a factual stipulation. The relevant facts taken therefrom are as follows:

1. On August 31, 1957, defendant was divorced by his wife, Cora Snyder.

2. On December 31, 1957, this court entered an order against defendant which, together with modifications thereof, provided for the support of defendant's four minor children. The total cash payments due under the support order, as modified from time to time to November 12, 1963, was $6,400 and during this time defendant paid $4,739, leaving an arrearage on said date of $1,661.

3. From August 12, 1958, to April 4, 1961, the Department of Public Assistance paid as aid to the dependent children of defendant the sum of $1,115.44 in excess of the money payments which were required to be paid under the support order of the court.

4. Defendant became the sole owner of real estate on October 25, 1950. He sold it on September 4, 1963, for $8,000.

5. From the proceeds of the sale of the real estate, defendant paid $1,661, being the cash arrearages in full under the court order as of November 12, 1963, as modified.* An additional sum of $1,115.44 is being held

---

* This amount was repaid to the Department of Public Assistance to reimburse the department for contributions it made for the support of the children because of the failure of defendant to keep his court order current. This fact is not material to the issue in this case.

in escrow pending the resolution of the legal issue involved herein.

Defendant contends that he is entitled to the amount deposited in escrow for the reason that he has complied with the court's order of support and that he cannot be held liable to pay an amount in excess of the court's order. The Commonwealth contends that it is entitled to full reimbursement under a separate statute hereinafter cited. We face squarely the issue of whether a responsible parent is liable to reimburse the Department of Public Welfare for payments which it made to the dependent children of such parent to the extent that the payments made by the department exceed the court's order for support.

The court's support order was made pursuant to a criminal complaint under The Penal Code of June 24, 1939, P. L. 872, 18 PS §4731. The court has authority to enforce such a support order by appropriate measures, including the right to commit to prison: 19 PS §1151.

The Department of Public Welfare contributed to the support of defendant's minor children under the then effective Public Assistance Law of June 24, 1937, P. L. 2051, its supplements and amendments: 62 PS §2501. Under section 9 of this act, at the time the department made its contributions, a dependent child was defined as "one who is in need of assistance to provide a decent and healthful standard of living": 62 PS §2509.

Section 4 of The Support Law of June 24, 1937, P. L. 2045, as amended, 62 PS §1974, provides in part as follows:

" . . . the real and personal property of any person shall be liable for the expenses . . . of the support, maintenance, assistance . . . of unemancipated minor children of such property owner, incurred by any pub-

lic body or public agency, if such property was owned during the time such expenses were incurred . . .": 62 PS §1974.

In providing support and maintenance, the Commonwealth is not a volunteer but is entitled to be reimbursed when there is a fund available at the time assistance is granted: Jones Estate, 23 D. & C. 2d 247 (1960).

Where a father has defaulted in payments under a support order issued in favor of his children and subsequently pays a sum of money into the court on account of arrearages, the Department of Public Welfare which has supported the children during the time of his default is entitled to reimbursement: Department of Public Assistance v. Herwig, 86 D. & C. 106 (1953).

When a court determines the amount of a support order for a minor child, at least two facts are involved: (a) the need of the child, and (b) the ability of the father to pay. It is the experience of the court that in a majority of cases currently being processed, the ability of a parent to pay is less than sufficient to meet the needs of the dependent children. Consequently, the court is concerned more with the father's earnings and earning power: Hecht v. Hecht, 189 Pa. Superior Ct. 276 (1959). A host of other extenuating circumstances may compel the court to make an order less than sufficient to adequately maintain the dependent children. The type of assets owned by a parent may reflect in the amount of the support order made. For example, in this case the real estate which gives rise to the claim of the Commonwealth was owned by defendant, but was occupied by his former wife and the dependent children. To compel defendant to sell the

home in order to pay a larger cash support order would cause more discomfort than the order which the court in fact made.

All the court did in this instance was to indicate what defendant could reasonably be required to currently pay under pain of imprisonment. Under no circumstances was it intended to modify nor could it legally supersede a statute imposing a liability of repayment for additional assistance granted by a public body.

It has been held that a court order for support will not release a father from a civil obligation under a support agreement which exceeds the amount of the court order: Mosebach v. Mosebach, 24 Cambria 96 (1962).

A court may make a support order against a father for the support of his children in excess of the amount set forth in a contract between the father and the mother: Commonwealth ex rel. Voltz v. Voltz, 168 Pa. Superior Ct. 51 (1950).

By analogy, we think that the court order in this case would not change a liability imposed by statute. No statutes or decisions have been cited by counsel or disclosed by our research which would suggest otherwise.

We see no reason why a father, if he has other assets not included or consumed in meeting a current support order, should have such assets immune from his obligation to repay one who contributes additional sums for the children's support.

Accordingly, we enter judgment in favor of plaintiff, the Commonwealth of Pennsylvania, Department of Public Welfare, and order the escrow agent to pay the sum of $1,115.44 to the Department of Public Welfare less the costs of this proceeding.