## Department of Public Welfare *v.* Whitebread.

Argued September 9, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Marx S. Leopold,* General Counsel, with him *Sidney V. Blecker,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Gailey C. Keller,* with him *Smith, Eves and Keller,* for appellee.

OPINION BY JUDGE ROGERS, December 1, 1971:

The Commonwealth sued Leroy W. Whitebread in assumpsit. The case was tried by a judge sitting without a jury upon a stipulation of facts. The single issue is whether Section 4 of The Support Law, Act of 1937, June 24, P. L. 2045, 62 P.S. 1974, authorizes judgment against a property owner for the expense of support, maintenance and assistance furnished his wife and children by the State where the property owner has fully complied with an order for support imposed pursuant to Section 733 of The Penal Code, Act of 1939, June 24, P. L. 872, 18 P.S. 4733.

Leroy W. Whitebread, husband of Sandra Whitebread and father of her three unemancipated minor children, left his family and failed to provide support. On October 24, 1965, shortly after Whitebread's departure, the Department of Public Assistance of the Commonwealth commenced providing support for Whitebread's wife and children and continued to do so until June 4, 1969, expending in this cause a total of $2,511.75. These outlays were for the support of the wife and children until the parties were divorced on Janu-

ary 24, 1966 and for the children after that date. On November 15, 1965, the then Court of Quarter Sessions of the 26th Judicial District, Columbia County Branch, on complaint of Sandra Whitebread under Section 733 of The Penal Code ordered Leroy W. Whitebread to pay to Sandra for the support of the children the sum of $60.00 each month commencing on December 1, 1965. He complied with this order. On the date Whitebread left his family, he and his wife owned as tenants by the entireties a parcel of real estate situate in Columbia County. On November 24, 1965 they conveyed this property to Leroy W. Whitebread individually, and he remains the owner. It is worth in excess of $9,000.

Section 4 of The Support Law is pertinently, as follows: ". . . [T]he real and personal property of any person shall be liable for the expenses of his support, maintenance, assistance and burial, and for the expenses of the support, maintenance, assistance and burial of the spouse and unemancipated minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, or if a right or cause of action existed during the time such expenses were incurred from which the ownership of such property resulted. Any public body or public agency may sue the owner of such property for moneys so expended, and any judgment obtained shall be a lien upon the said real estate of such person, and be collected as other judgments, except as to the real and personal property comprising the home and furnishings of such person, which home shall be subject to the lien of such judgment and shall not be subject to execution on such judgment during the lifetime of the person, surviving spouse or dependent children." Leroy W. Whitebread and his circumstances fit squarely within this section. He was the owner of property during the period the State incurred expense for the support of his wife and children. However, the court

below entered judgment for the defendant, on the ground that the support order settled Whitebread's entire liability for support for his family. This was error.

Section 733 of The Penal Code empowers the court to order a husband or father, "being of sufficient ability", to pay such sum as the court shall think reasonable and proper for the comfortable support and maintenance of his wife and children. "The purpose of Section 733 of the Act is to secure a reasonable allowance for support . . . but only to the extent that it is consistent with the husband's property, income and earning capacity. . . . Accordingly, although legally liable for support . . . , an order may be entered against a husband only if he has sufficient financial ability to meet it." *Commonwealth ex rel. Beckham v. Beckham,* 186 Pa. Sup. 74, 76, 140 A. 2d 471, 472 (1958). As every practitioner in the field knows, the amounts awarded families are seldom adequate for their comfortable support and maintenance and just as seldom leave defendants with income sufficient for their reasonable needs. If the Legislature had intended that such support orders should be conclusive of the obligation of persons liable for support it could have so provided. To the contrary, by Section 4 of The Support Code, it has provided that public bodies may recover their expenses from property of persons liable for support, without exception of persons under support orders. That Section 4 was intended to apply where orders have been made under The Penal Code, (whether pursuant to Section 731[1] or 733) is indicated by legislative history.

---

[1] The difference in purpose between 731 and 733, the former to punish the deserting husband or father and the latter to secure support for dependents, alluded to by the court below as distinguishing *Department of Public Welfare v. Snyder,* 45 D. & C. 2d 531 (1968), is of no significance. Both sections provide for support orders which in practice are fixed in amount upon identical considerations.

Section 733 of The Penal Code, enacted in 1937, is a consolidation of statutes which have been on the books since 1867. While much of The Support Law is also of ancient origin, it was not until 1951 that Section 4 was amended so as to empower public bodies to obtain judgment against a property owning person for support furnished a spouse or unemancipated children. Surely the Legislature was aware that many such persons were then, and in the future would be, the subjects of support orders. To construe Section 4 as being limited to recovery of support only from persons not paying support under an order made pursuant to Section 733 of The Penal Code, leads to the anomalous and untenable conclusion that a property owning mother who cannot be subjected to a Section 733 order may be proceeded against for support furnished her husband and children without limitation as to amount[2], but that the liability of her deserting husband must be limited to the amount of his support order.

The appellee argues that it is unfair and therefore a denial of due process to subject him to liability for support furnished his family by the Commonwealth because he was not given the opportunity to be heard on the question of how much the Commonwealth should provide. Aside from solid authority to the contrary (see *Stoner Estate* and *Albert Einstein Medical Center v. Forman,* cited in footnote 2), logic and arithmetic demonstrate the fallacy of this contention. If the appellee had supported his family, public support would not have been required. The court's order upon him was in the amount of $60 per month, or $720 per year for three children. During the approximately four years of appellee's family's need the State furnished $2,511.75.

---

[2] It has been held that an order for support is not a prerequisite to liability for reimbursement to a public agency. *Stoner Estate,* 358 Pa. 252, 56 A. 2d 250 (1948) ; *Albert Einstein Medical Center v. Forman,* 212 Pa. Sup. 450, 243 A. 2d 181 (1968).

The yearly support received from both sources was, therefore, less than $500 for each child. The appellee could hardly contend that this was exorbitant provision for his children. To characterize appellee's complaint at not being consulted as lacking in charity is generous. Furthermore, as The Support Law provides, he was here sued in assumpsit. If he believed that the State's claim added to his $60 per month exceeded his obligation to his wife and children, he could have so pleaded and attempted to prove.

The meager case law on the narrow question here involved supports the Commonwealth's position. *Commonwealth v. Allison,* 19 Cambria 117 (1959) ; *Department of Public Welfare v. Snyder,* 45 D. & C. 2d 531 (Centre County 1968). In the *Snyder* case, where the facts were not materially different from those here, President Judge CAMPBELL concludes an excellent opinion with the following statement, with which we fully agree: "We see no reason why a father, if he has other assets not included or consumed in meeting a current support order, should have such assets immune from his obligation to repay one who contributes additional sums for his children's support."

Because the court below and counsel for Leroy W. Whitebread seem to be under some misapprehension in the matter, we here note that so long as the appellee's real estate is his home it is not subject to execution on the judgment hereinafter entered.

Judgment reversed and judgment is here entered in favor of the plaintiff, Commonwealth of Pennsylvania, Department of Public Welfare and against the defendant, Leroy W. Whitebread, in the amount of Twenty-five hundred and eleven dollars and seventy-five cents ($2,511.75).