## Commonwealth v. Migliazza

*Richard L. Colden, Asst. Attorney General,* for plaintiff.

*Dennis A. DeEsch,* for defendant.

FRANCIOSA, *J.,* July 13, 1977 — This is an action in assumpsit brought pursuant to section 4 of The Support Law of June 24, 1937, P. L. 2045, as amended, 62 P.S. §1974, for the recovery of certain assistance payments made by plaintiff to defendant, Almeda Migliazza, during the period

January 29, 1969, through October 26, 1976.[1] This section provides, in pertinent part:

". . . the real and personal property of any person shall be liable for the expenses of his . . . assistance . . . and for the . . . assistance . . . of the spouse and unemancipated minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred. . . ."

It is undisputed that, during the period in question, defendants were owners by the entireties of a property located at 1127 Ferry Street, Easton, Pa. It is also undisputed that during this period, defendant, Bruno Migliazza, paid $9,527.70 to his wife and children pursuant to an order of support entered by this court.

Upon this record, the Commonwealth has moved for the entry of summary judgment against both defendants, which motion is now before us for disposition. In passing upon the Commonwealth's motion, we are bound by Pa. R.C.P. 1035(b) which provides that:

"The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Furthermore, we must examine the record in the light most favorable to the non-moving parties and must resolve all doubts as to the existence of a

---

1. Although the amended complaint prays for a judgment against both defendants in the amount of $17,684.70, plaintiff, in its supplemental memorandum of law, has reduced its joint demand to $11,797.10, and has asserted that Almeda Migliazza is individually liable for an additional $5,708.10.

genuine issue of fact against the moving party: Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Superior Ct. 198, 280 A. 2d 570 (1971).

Our examination of the record reveals that defendant, Bruno Migliazza, has asserted in his defense that he has, by virtue of his compliance with the support order, met his obligation to support his family, and that the expenditures incurred by plaintiff were in excess of such obligations.[2]

This issue was expressly resolved by our Commonwealth Court in Department of Public Welfare v. Whitebread, 3 Pa. Commonwealth Ct. 429, 284 A. 2d 152 (1971). In that case, the lower court found that defendant was not liable under section 4 of the Support Law because he was subject to a support order. The Commonwealth Court reversed this decision, holding that our legislature intended section 4 of The Support law to apply even to situations where support orders have been entered. In its opinion, the Commonwealth Court expressly dismissed defendant's contention that he sould be relieved of any liability to the Department of Welfare because he had not been given the opportunity to be heard on the question of how much the Commonwealth should have provided to his family. However, the court indicated that defendant could have raised the question as to whether the State's claim exceeded his support obligation:

"Furthermore, as The Support Law provides, he was here sued in assumpsit. If he believed that the State's claim added to his $60 per month exceeded his obligation to his wife and children, he could have so pleaded and attempted to prove."

___

2. Defendant, Almeda Migliazza, has not filed any pleadings in this matter. Accordingly, plaintiff would appear to be entitled to a judgment by default against her.

Defendant, Bruno Migliazza, has raised this precise contention in the manner authorized by Whitebread. We believe this issue necessarily raises a genuine issue of fact. The Commonwealth would have us rule as a matter of law that its payments did not exceed defendant's obligation to support his family. However, such a determination necessarily involves a consideration of all the facts and circumstances pertaining to the financial needs and posture of defendant and his family. The resolution of this issue must, therefore, await trial.

Accordingly, we enter the following

### ORDER

And now, July 13, 1977, plaintiff's motion for summary judgment is denied and dismissed.