511 A.2d 954

Dale Hunter, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 13, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge ROGERS, sitting as a panel of three.

*Michael J. Dowd, Dowd and Kocsis,* for petitioner.

*Roger T. Margolis,* Assistant Counsel, for respondent.

OPINION BY JUDGE COLINS, July 15, 1986:

Dale Hunter (petitioner) appeals from an order of the Pennsylvania Department of Public Welfare (DPW) affirming the hearing examiner's decision that petitioner, as a property owner, was liable for the expense of support and assistance furnished his children by the State pursuant to Section 4 of The Support Law (Act), Act of June 24, 1937, P.L. 2045, *as amended* 62 P.S. §1974(a), even though he had complied with an order of court directing him to pay child support.

On May 3, 1982, petitioner and Patricia Hunter were divorced, with his former wife receiving custody of the two minor children of the marriage, and petitioner receiving the marital home. A support agreement was entered as an order of court directing petitioner to pay Fifteen Dollars ($15.00) per week, which he has honored. From March 3, 1982, to April 29, 1982, assist-

ance was provided to Patricia Hunter in the amount of Four Hundred Seventy-eight Dollars ($478.00). Subsequently, until April 12, 1984, she continued to receive assistance with two-thirds of the amount she received attributable to the children.

Shortly after his divorce, petitioner became temporarily unemployed. He received assistance for one month totaling Three Hundred Three Dollars and Twenty Cents ($303.20), which required execution of a lien agreement with DPW.[1] When, in 1984, petitioner attempted to pay what he believed was a Three Hundred Dollar ($300.00) obligation, he learned that it was instead asserted to be Four Thousand Seven Hundred Thirty-eight Dollars and Sixty Cents ($4,738.60). This amount represents the amount of welfare attributable to him and his children less the amount he had paid in child support.

DPW asserted that petitioner was liable for this amount pursuant to Section 4 of the Act which provides, in relevant part:

[T]he real and personal property of any person shall be liable for the expenses of his support . . . and for the expenses of the support . . . of the . . . unemancipated minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred. . . .

A hearing was held and after a Final Administrative Action Order was entered against petitioner, an appeal was taken to this Court.

On appeal, petitioner contends that DPW erred in concluding that the Commonwealth is entitled to claim

---

[1] It should be noted that even if petitioner had never signed such an agreement, indeed, even if he had never received assistance, DPW could institute litigation which would result in a judgment against petitioner. Section 4 of the Act.

support for children as a full lien against a non-custodial parent's property without proof of that parent's ability to pay and despite that parent's paying under a court-fixed support order. We must disagree.

This issue was settled in favor of DPW in the case of *Department of Public Welfare v. Whitebread,* 3 Pa. Commonwealth Ct. 429, 284 A.2d 152 (1971). There, as in the instant case, a non-custodial parent argued that a court-fixed support order should fulfill his entire obligation for support of his family. This Court found that it did not, for we saw "no reason why a father, if he has other assets not included or consumed in meeting a current support order, should have such assets immune from his obligation to repay one who contributes additional sums for his children's support." *Whitebread,* 3 Pa. Commonwealth Ct. at 434, 284 A.2d at 155, *quoting Department of Public Welfare v. Snyder,* 45 Pa. D. & C. 2d 531 (1968).

For the aforementioned reasons, the order of DPW is affirmed.

## ORDER

AND NOW, this 15th day of July, 1986, the order of the Pennsylvania Department of Public Welfare, dated March 4, 1985, is affirmed.